In the Matter of the Transfer Tax on the Estate of LOUISE S. CANDA, Deceased.

PHILIP DEXTER and BENJAMIN L. YOUNG, as Executors, etc., of LOUISE S. CANDA, Deceased, Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

First Department, July 8, 1921.

Taxation — transfer tax — when exercise of power of appointment taxable — transfer under powers of appointment by resident of this State not taxable where donors were residents of adjoining State where property was situated and will was probated.

While upon principle an inheritance tax is not one upon property but is rather one upon the succession of property, the State has also the right to levy a tax upon the exercise of a power of appointment in any case wherein such power is executed by virtue of the authority granted by the State whenever such authority or privilege is necessary to pass the title of the property to the beneficiary.

But the exercise by a testatrix, a resident of this State, of two powers of appointment is not subject to a transfer tax under subdivision 6 of section 220 of the Tax Law, where it appears that the donors of the powers of appointment were both residents of the State of Massachusetts, that all of the property to which the powers relate is situated in the State of Massachusetts, and that the will of the testatrix has been there probated and has not been offered for probate in this State, for it is not apparent that the exercise of the powers or the validity of the will is in any respect dependent upon the laws of this State or upon any authority or privilege granted or extended by said laws to the testatrix.

APPEAL by Philip Dexter and another from so much of an order of the Surrogate's Court of the county of New York, entered in the office of said surrogate on the 31st day of January, 1921, as affirms in part a prior order assessing the transfer tax and confirming the appraiser's report.

*Francis Smyth* of counsel [*Edgar W. Freeman* with him on the brief; *Cadwalader, Wickersham & Taft*, attorneys], for the appellants.

*Schuyler C. Carlton* of counsel [*Lafayette B. Gleason*, attorney], for the respondent.

MERRELL, J.:

This is an appeal by the executors of Louise S. Canda, deceased, from an order of the Surrogate's Court of the county

of New York which, so far as appealed from, denied certain appeals of said executors from an order theretofore made fixing and assessing a transfer tax upon decedent's estate.

Three questions are raised by the appellants, which are as follows:

*First.* The taxability of the exercise by the testatrix, Louise S. Canda, a resident of the State of New York, of two powers of appointment, one under the will of her grandfather, Benjamin Sewall, and the other under the will of her father, Charles T. Hubbard. Both of said testators were residents of the State of Massachusetts, and the property appointed was at all times and now is located in Massachusetts.

*Second.* The taxability at this time of certain remainders created by the will of said Louise S. Canda, deceased, respecting said appointed property, which remainders are subject to be defeated by the exercise of absolute and general powers of appointment conferred upon the beneficiaries of the precedent trust estates.

*Third.* The deductability of the Federal estate tax from the assets taxable in this proceeding.

The last question was not argued, but is presented by the appellants for the purpose of preserving their rights in case they desire to raise the question as a Federal one, such claim having been determined adversely to the contention of the appellants by the Court of Appeals in *Matter of Sherman* (222 N. Y. 540) and *Matter of Bierstadt* (178 App. Div. 836).

Louise S. Canda, the testatrix, married one Ferdinand E. Canda, and became a resident of the State of New York. She died on April 18, 1919, leaving a last will and testament, which was apparently executed in the State of New York, but which has been probated in the State of Massachusetts. No application has been made to prove decedent's last will and testament within the State of New York. The testatrix was the donee of the said two powers of appointment, which powers she exercised in and by her said last will and testament. The first power arose under the will of her grandfather, Benjamin Sewall, who died in 1879, a resident of the State of Massachusetts. The second power arose under the last will and testament of decedent's father, Charles T. Hubbard, who died in 1887, and who was also a resident of the State of

Massachusetts.  Under the aforesaid wills of Benjamin Sewall and Charles T. Hubbard, intervening trusts were created, and the trustees were all residents of the State of Massachusetts, where both wills were proven.  The securities constituting the aforesaid trusts were and now are physically held in the State of Massachusetts and were there at the time of the death of Louise S. Canda.  At the time of her death the testatrix left certain personal property at her residence in the city of New York, which, with other personalty, was of the value of $85,121.43, of which, after the deduction of certain expenses, there remained a net estate of $64,829.13.  By her will she gave to her daughter, among other things, a half interest in a pearl necklace worth $20,000, and to her son she bequeathed the other half of said pearl necklace and made to him other specific bequests.  The residue of her individual estate, amounting to $26,004.63, she bequeathed to her husband.  No question is raised upon this appeal respecting the taxability of decedent's individual estate.

The appraiser has fixed the value of the aforesaid powers of appointment at the sum of $451,474.13.  So far as material to this appeal, decedent exercised her two powers of appointment by designating trustees in the State of Massachusetts with direction to hold such trust property and to pay and divide the net income equally between her son and daughter during their respective lives.  Her will then provided as follows:  " *  *  * and upon the death of either of them, whether before or after my death, to pay over, transfer and convey one-half of the principal of the trust fund as then existing in the proportions and to the persons and uses that the one so dying shall by his or her last will direct and appoint, and in default of such appointment in equal shares to his or her children and the issue of any deceased child, such issue to take the parent's share by representation, and in default of such children and issue to those persons who would have taken the same if my child so dying had died seized and possessed thereof in his or her own right and had died intestate and domiciled in said Commonwealth of Massachusetts.  And thereafter to continue to hold the remaining half of said trust fund and to pay the net income thereof, as often as semi-annually, to the survivor of my said two children,

and upon his or her death to convey, transfer and pay over the principal of the trust fund, as then existing, in the proportions and to the persons and uses that the one so dying shall by his or her last will direct and appoint, and in default of such appointment in equal shares to his or her children, the issue of any deceased child, such issue to take the parent's share by representation, and in default of such children and issue to those persons who would have taken the same if my child so dying had died seized and possessed of the same in his or her own right and had died intestate and domiciled in said Commonwealth of Massachusetts."

The surrogate has held that the life estates bequeathed to testator's two children are not taxable for the reason that the transfer to them to such extent is part of what they would have received under the wills of their ancestors if Louise S. Canda had not exercised the powers conferred upon her. Decedent's two children claim the right to elect to take under the wills of the donors of the powers, and, therefore, render their life estates in the trust immune from taxation. The surrogate's determination in this respect seems to be upheld by the authorities (*Matter of Lansing*, 182 N. Y. 238; *Matter of Slosson*, 216 id. 79) and is not questioned on this appeal.

Upon the first question above set forth and presented upon this appeal the surrogate has held (114 Misc. Rep. 161) that as the decedent was a resident of this State at the time of her death and has made a will exercising the aforesaid powers of appointment, the remainders over are assessable under subdivision 6 of section 220 of the Tax Law, and that such remainders are presently assessable at their highest ascertainable value. So far as material, subdivision 6 of section 220 of the Tax Law, under which subdivision property passing under a power of appointment is taxable, if at all, reads as follows:

" 6. Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this chapter, such appointment when made shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

The subdivision as above quoted was enacted in 1911. Prior to such enactment and in 1897 the first statute of the State of New York was passed which enabled the State to tax the exercise of a power of appointment. Until 1909 the provision was contained in subdivision 5 of section 220 of the. Tax Law, but in 1909 it became subdivision 6 of such section. The statute of 1897 and the statutes prior to 1911 are in substance the same as the statute of 1911, except that they contained other provisions respecting the taxation of property passing on the failure to exercise a power of appointment. (See Tax Law [Gen. Laws, chap. 24; Laws of 1896, chap. 908], § 220, as amd. by Laws of 1897, chap. 284; Laws of 1905, chap. 368, and Laws of 1908, chap. 310; Tax Law [Consol. Laws, chap. 60; Laws of 1909, chap. 62], § 220, as amd. by Laws of 1910, chap. 706; Laws of 1911, chap. 732; Laws of 1915, chap. 664, and Laws of 1916, chap. 323; since amd. by Laws of 1919, chap. 626.)

It is claimed by the appellants that as the donors of the aforesaid powers of appointment were both residents of the State of Massachusetts and that as all of the property to which the powers of appointment relate is situate in the State of Massachusetts and decedent's will has been there probated, and not here, the State of New York has no control over the transfer which the State now claims the right to tax. On the other hand, it is asserted by the respondent, and the surrogate has held, that as decedent's will was executed in New York and decedent was a resident here, the beneficiaries under her will came into possession of the aforesaid appointed property through the exercise of a power or privilege conferred upon the testatrix by this State, and that for such reason the surrogate has jurisdiction to assess the tax on the exercise of such power.

In order to determine whether or not the aforesaid remainders are taxable, it is necessary to ascertain whether the beneficiaries under the will of Louise S. Canda actually came into possession of the appointed property by virtue of the laws of the State of New York and by reason of a privilege conferred by this State which enables the beneficiaries to take. It must be conceded that the property in question formed no part of the estate of Louise S. Canda. ( *United States* v.

*Field,* 41 Sup. Ct. Rep. 256; *Matter of New York Life Ins. & Trust Co.,* 139 N. Y. Supp. 695.) The testatrix did not even enjoy an absolute power of appointment which could have been exercised by her during her life in such a manner as to vest in her an absolute fee. Such interest of the decedent could not, therefore, have been reached by her creditors, either in equity or otherwise. Except for the purpose of taxation under the aforesaid section of the Tax Law of the State of New York, the beneficiaries under the will of Louise S. Canda, deceased, cannot be claimed to take otherwise than under the wills of the respective donors of the powers.

As the respondent contends that the right of Louise S. Canda to exercise said powers of appointment is a privilege conferred by the laws of the State of New York, where the decedent was domiciled, it is thought best to review briefly the authorities relating to the exercise of powers of appointment by a donee living in a jurisdiction other than that in which the donor resided at the time of his death. In *Matter of New York Life Ins. & Trust Co.* (139 N. Y. Supp. 695) the surrogate reviewed at considerable length the development of the law respecting the exercise of such powers of appointment and after considering both the English and American decisions, he concludes: " It will be perceived that in respect of powers of testamentary appointment over settled property in England or America the law of the domicile of the donor of the power, and not that of the donee of the power, determines in most cases whether or not there was a sufficient testa-- mentary execution of the power of appointment given to the donee of the power."

The general rule respecting the passing of an estate under a power of appointment was well stated by Chancellor KENT in 4 Kent's Commentaries, 337, as follows: " An estate created by the execution of a power takes effect in the same manner as if it had been created by the deed which raised the power. The party who takes under the execution of the power, takes under the authority, and under the grantor of the power, whether it applies to real or personal property, in like manner as if the power, and the instrument executing the power, had been incorporated in one instrument."

The above rule is stated and reiterated in *Matter of Harbeck*

(161 N. Y. 218), and seems to have been adopted by the courts of other States of the Union where the question has been authoritatively determined. In *Sewall* v. *Wilmer* (132 Mass. 131) it was held: " But the property of which Mrs. Wilmer has a power of appointment is not her property, but the property of her father; and the instrument executed by her takes effect, not as a disposition of her own property, but as an appointment of property of her father under the power conferred upon her by his will."

In England such has been the rule since 1838 when the case of *Tatnall* v. *Hankey* (2 Moo. P. C. 342) was decided by the English Privy Council. In the *Tatnall* case it was determined that the English Court of Probate had jurisdiction to examine into the execution of the power of testamentary appointment executed outside of the kingdom for the purpose of determining whether the instrument whereby it was exercised in fact and in law made testamentary disposition of the property included within the power of appointment. The will in question was executed in Paris and was not in accord with the laws of England, but was ultimately proved in England and accepted by the English Probate Court for the purpose of establishing the due exercise of the power of appointment by the donee. Again, in 1909, the English House of Lords, in *Murphy* v. *Deichler* (A. C. 446) confirmed the rule laid down in *Tatnall* v. *Hankey* (*supra*) and held that a power of appointment by will over Irish property was properly exercised by a will of the donee executed in English and Irish form, although the testator was domiciled in Germany and the will was not executed according to the law of the domicile of the appointor.

In *Bingham's Appeal* (64 Penn. St. 345) the facts were as follows: William Bingham, the donor of the power, was domiciled in Pennsylvania, where his will was proven in 1856. In his will he created a trust, the income therefrom to be paid to his son Alexander with a power of appointment to his said son by his last will and testament. The son, Alexander Bingham, died in England in 1865, that country being then his domicile, leaving a will. The court held: " Whether a power contained in a Pennsylvania will over Pennsylvania property has been duly executed, is evidently a question of Pennsylvania law, and not that of a foreign country    *    *    *.

The will, the property, and the domicile of William Bingham being within Pennsylvania, the law of this State must govern the interpretation both of the power and the execution of it."

Similar rules were laid down in the following cases: *Cotting* v. *DeSartiges* (17 R. I. 668); *Lane* v. *Lane* (4 Pennewill [Del.], 368); *Prince de Bearn* v. *Winans* (111 Md. 434).

In a very similar case to the one at bar the Supreme Court of Massachusetts in *Walker* v. *Treasurer & Receiver General* (221 Mass. 600) held as follows: " It follows that no privilege by which the property passes, whether by exercise of the power or by failure to exercise it, is conferred by the law of this Commonwealth. Hence no commodity exists here on which the tax can be levied. By resort to the courts of Maryland all questions as to the succession of this trust estate will be determined without invoking the law of Massachusetts. That will be settled without dependence upon the moral support or actual assistance of our laws. The circumstance that the will has been set up in this Commonwealth is not of controlling significance. There is nothing in this Commonwealth upon which St. 1909, c. 527, Sec. 8 can operate."

In the case at bar the existence of the power did not of itself vest any estate in the donee, and no part of the aforesaid property which was subject to the power of appointment vested in the testatrix, nor could it be distributed as a part of her estate. (*United States* v. *Field,* 255 U. S. 257; 41 Sup. Ct. Rep. 256.)

In *Matter of Harbeck* (161 N. Y. 211) it was held that a bequest in the exercise of a power of appointment by will was not taxable under the Transfer Tax Act of the State of New York as it then existed. The will in question was made by John H. Harbeck, who died in February, 1878. The testator bequeathed the sum of $300,000 in trust, the income thereof to be paid to his wife during her life and after her death the principal to such persons as she should appoint by her last will and testament. Decedent's wife made a will dated October 20, 1887, which was admitted to probate in February, 1896. The State of New York attempted to assess the transfer through the exercise of the aforesaid power of appointment under our then existing Transfer Tax Law. The court held that the law as it then existed was not suffi-

ciently broad to enable the taxation of property passing under a power of appointment. The opinion was written by Chief Judge PARKER, and clearly shows that the Court of Appeals was then of the opinion that the property passed to the beneficiaries under and by virtue of the will of the original donor and not through the exercise of the power of appointment by the donee. Chief Judge PARKER says, in part:

" In the past, however, there have been a few cases in which the courts have been called upon to decide that while the instrument by which the power is said to be executed becomes incorporated into and forms a part of the original instrument creating the power, yet it takes effect as of the date of the execution of the power, and these cases have been laid hold of to make the final step in the transfer of the property from the testator Harbeck to the beneficiaries operate as the dominating one; the act of the appointor, instead of that of the testator, being treated as the one by which the fund is transmitted to them. In other words, notwithstanding the general rule by which a paper constituting an execution of the power of appointment becomes incorporated into the original instrument creating the power (so that the latter is given the same effect as if the names of the appointees were originally written into the instrument creating the power), it is said that the date of the original instrument is to be ignored, and that upon which the power of appointment is exercised substituted fully in its stead.  *  *  *  But long after the decisions in the cases relied upon by the learned judge who wrote for the Appellate Division  *  *  *  this court had that question before it in *Genet* v. *Hunt* (113 N. Y. 158)  *  *  *.  The court held that the trusts under the will should be regarded as having been created at the date of the trust deed, and that they were, therefore, invalid.  *  *  * ' An estate created by the execution of a power takes effect in the same manner as if it had been created by the deed which raised the power.' "

Since the Tax Law was amended in the respects hereinbefore stated, there have been decisions thereunder in which it has been held that while the beneficiaries under the will of a donee of a power of appointment technically take under the instrument creating the power, yet as the possession of the

property actually passes through and by means of the will of the donee, the bequests to such beneficiaries are taxable. In *Matter of Hull* (111 App. Div. 322; affd., 186 N. Y. 586) it was held that the taxability of property does not depend merely upon the location of such property, but upon whether the beneficiary came into possession of it through the exercise of a privilege conferred by the State of New York, and that when the donee of a power of appointment who is a resident of this State has received such power from a donor who was also a resident of this State, the property is subject to an inheritance tax upon the exercise of the power of appointment by the donee, although the property itself is situated without the State of New York. The Court of Appeals affirmed the decision of the Appellate Division in the above case upon the opinion of Mr. Justice WOODWARD. In his opinion Mr. Justice WOODWARD said, in part: " The question is not where the property was located, or whether it was real estate or personal property, but whether the beneficiary came into its possession through the exercise of a privilege conferred by the State of New York."

The learned justice then quotes the portion of section 220 of the Tax Law above referred to, and says: " If the subject of the taxation, whether that be property of a tangible nature or a privilege conferred by the State, is within the jurisdiction or dominion of the Legislature, then it is for that body to determine the question of taxation. In the statute now under consideration the State has enacted that as a condition of exercising a power of appointment, it shall be ' deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power.' * * * It being the privilege upon the right to succession to property by means of a will that is taxed, and the subject of the litigation being within the jurisdiction of the State, it seems clear that the beneficiary under the power of appointment contained in the will of Caroline C. Hull, a resident of this State, upon the exercise of that power by Wager J. Hull, likewise a resident of this State, is bound to pay the tax imposed upon that privilege, regardless of the question of where the property to which the power related was located.

Ida M. Hull gets all of her rights in and to the property by reason of the exercise of the power, a privilege granted by the State of New York, and she may not be relieved from that obligation because of the fact that the property itself was without the jurisdiction of the State at the time the power was exercised."

In *Matter of Dows* (167 N. Y. 227) practically the same question was presented, and the court there held: "But whatever be the technical source of title of a grantee under a power of appointment, it cannot be denied that in reality and substance it is the execution of the power ·that gives to the grantee the property passing under it. * * * If, as said by the Supreme Court of the United States, the right to take property by devise is not an inherent or natural right, but a privilege accorded by the State which it may tax or charge for, it follows that the right of a testator to make a will or testamentary instrument is equally a privilege and equally subject to the taxing power of the State. When David Dows, Sr., devised this property to the appointees under the will of his son, he necessarily subjected it to the charge that the State might impose on the privilege accorded to the son of making a will. That charge is the same in character as if it had been laid on the inheritance of the estate of the son himself, that is, for the privilege of succeeding to property under a will."

In both of these cases, however, the beneficiaries under the will of the respective donees unquestionably took under a will probated under the laws of the State of New York, whereas, in the case at bar the testatrix had only to execute a will in conformity with the laws of the State of Massachusetts in order to exercise the power of appointment conferred upon her under the wills of her father and grandfather. This she did, and her will has not been offered for probate in this State.

In *Matter of Delano* (176 N. Y. 486) the Court of Appeals again considered the validity of a transfer tax imposed upon the exercise by will of a power of appointment conferred upon the testatrix. In that case the power had been conferred by deed and not by will. The Appellate Division, First Department (82 App. Div. 147), held that as the deed in question

was made and delivered prior to the enactment of the Transfer Tax Act, the estate passing upon the exercise of the power of appointment by Laura Astor Delano was not taxable. The opinion in the Appellate Division attempted to distinguish the facts in the *Delano* case from the facts in *Matter of Vanderbilt* (50 App. Div. 246; affd., 163 N. Y. 597), in which case the validity of the tax imposed under the aforesaid section of the then existing Tax Law was upheld. The decision of the Appellate Division was, however, reversed in the Court of Appeals (176 N. Y. 486). The Court of Appeals did not question the general rule that the theoretical source of title of the beneficiary under the will of Mrs. Delano was the deed which granted the power of appointment, but held, Judge VANN writing: " The statute, as we read it, does not attempt to impose a tax upon property, but upon the exercise of a power of appointment. The power in this case was exercised by will, in such a way that the appointee became entitled to all the property, instead of an aliquot part. While the property came to him by deed from his grandfather, only a part of it could have reached him but for the will of his aunt. His title to the most of it depended on the will, as well as upon the deed. He is compelled to resort to the will in order to establish his right, for the deed alone will not suffice. The privilege of making a will is not a natural or inherent right, but one which the State can grant or withhold in its discretion. If granted, it may be upon such conditions and with such limitations as the Legislature sees fit to create. The payment of a sum in gross, or of an amount measured by the value of the property affected, may be exacted, or the right may be limited to one or more kinds of property and withdrawn as to all others. The Legislature could provide that no power of appointment should be exercised by will, or that it should be exercised only upon the payment of a gross or ratable sum for the privilege. It could exact this condition, independent of the date or origin of the power. All this necessarily flows from the absolute control by the Legislature of the right to make a will. * * * As the tax is imposed upon the exercise of the power, it is unimportant how the power was created. The existence of the power is the important fact, for what may be done under it is not

affected by its origin. * *. * The statute applies to all powers alike, without distinction on account of the method of creation or the date of creation, and provides that the exercise of the power shall be deemed a taxable transfer of the property affected, the same as if it had belonged absolutely to the donee of the power and had been bequeathed or devised by such donee."

The decision of the Court of Appeals in the *Delano* case was sustained in the United States Supreme Court in *Chanler* v. *Kelsey* (205 U. S. 466). The opinion was written by Mr. Justice DAY and the court held that the assessment of the tax under the New York State law was not in violation of the Federal Constitution (Art. 1, § 10, subd. 1; 14th Amend., § 1), and that the State had a clear right to tax the exercise of a power of appointment. The learned justice said, in part, referring to the objection that property was being taken without due process of law: " In support of this contention, common law authorities are cited to the proposition that an estate created by the execution of a power takes effect in the same manner as if it had been created by the deed which raised the power; that the beneficiary takes, not under the execution of the power by the donee, but by authority and under grant from the grantor, in like manner as if the power and the instrument which created it had been incorporated into one instrument. * * * However technically correct it may be to say that the estate came from the donor and not from the donee of the power, it is self-evident that it was only upon the exercise of the power that the estate in the plaintiffs in error became complete. * * * It may be that the donee had no interest in the estate as owner, but it took her act of appointment to finally transfer the estate to some of the class and take it from others. Notwithstanding the common law rule that estates created by the execution of a power take effect as if created by the original deed, for some purposes the execution of the power is considered the source of title."

It follows from the above decisions that while upon principle an inheritance tax is not one upon property but is rather one upon the succession of property, the State has also the

right to levy a tax upon the exercise of a power of appointment in any case wherein such power is executed by virtue of the authority granted by the State whenever such authority or privilege is necessary to pass the title of the property to the beneficiary.

The Court of Appeals has held in *Matter of Fearing* (200 N. Y. 340) that when property is transferred under a power of appointment and the appointee is a resident of another State, a tax cannot be assessed on the transfer for the reason that the privilege of exercising the power is granted by the laws of a State other than the State of New York. The opinion was written by Judge GRAY, who says, in part: " Such an appointment to others was, for the purposes of taxation, to be deemed the equivalent of a bequest, or devise, by the donee of the power of property belonging to the donee. Prior to this amendment of the Transfer Tax Law, there was no provision for the taxation of transfers under powers of appointment; but, with the passage of the amendment, the privilege of exercising the power by will was subjected to the charge of a tax upon the right of the appointees to take. Whereas, previously, the source of the appointees' right of succession was deemed to be in the will creating the power of appointment; thereafter, it was to be deemed to be in the execution of the power itself. The actual transfer effected by the exercise of the power was to be taxed. The Legislature, in the exercise of its control over testamentary dispositions of property, could validly burden such transfers with a tax, regardless of the technical source of the title of the appointee under the rules of the common law."

In the *Fearing* case the donee of the power was a non-resident of this State. The property transferred under her will in the exercise of such power was bonds outside of the State of New York. The grantor of the power, Daniel B. Fearing, died in 1870, a resident of the State of New York, leaving a will which created the power and which will was in this State admitted to probate. The only question which appears to have been determined in *Matter of Fearing* is that a tax cannot be levied under our Tax Law upon the exercise of a power of appointment by a donee who is a non-resident of this State and who attempts to execute the power by a will or deed

made pursuant to authority conferred by another State. It does not, however, necessarily follow that the State of New York has any constitutional authority to levy a tax upon a transfer of property under a power of appointment the exercise of which is not wholly dependent upon a privilege granted by this State. In the case at bar the decedent has exercised the power of appointment conferred upon her under the wills of her father and grandfather by an instrument which has been admitted to probate in the State of Massachusetts and which has not been offered for probate in the State of New York. *It is not apparent that the exercise of the power or the validity of the will in question is in any respect dependent upon the laws of the State of New York, or upon any authority or privilege granted or extended by the laws of New York to the testatrix.* Something more than the mere residence or domicile of the testatrix is necessary in order to subject the property to taxation which passed under the exercise of the powers of appointment. The State Comptroller claims that an important privilege has been conferred upon the testatrix by reason of which the State is entitled to assess a tax upon the transfer. One cannot read the will of the testatrix without being impressed that it was her intention to exercise the powers of appointment under the laws of Massachusetts and by a will executed agreeably to the laws of that State, and that she realized and appreciated that she need not take advantage of the laws of the State of New York or of any privilege thereby extended in order to pass a valid title to the property over which she had such power of appointment.

The respondent contends that the question at issue has been twice passed upon in the Surrogate's Court of New York and Kings counties, the first case being that of *Matter of Frazier* (N. Y. L. J., March 28, 1912), and the later case, *Matter of Seaman* (Id. Dec. 5, 1913). In *Matter of Frazier* (*supra*) the decedent was a resident of this State and exercised a power of appointment under a last will and testament which was propounded and admitted to probate in this State. The learned surrogate, in commenting upon the right of the State to assess a transfer tax, said: "The right of an individual to make a will or testamentary instrument is not a natural or inherent right, but a privilege which the State can grant or withhold at its

discretion. * * * The transfer tax is not a tax on property, but on the privilege granted by the State to an individual to succeed to the property of a deceased person, and the power which confers this privilege may impose a tax upon it. [*Magoun v. Illinois Trust & Savings Bank,* 170 U. S. 283.] As the decedent was a resident of this State the privilege of making a will by which she disposed of the property constituting the trust fund was one granted by this State. That she might have exercised the power by an instrument in writing in the nature of a last will and testament is immaterial, because as a matter of fact she did not attempt to exercise the power by any other writing than that propounded in this State as her last will and testament. * * * The trustees of her father's estate paid to the executors appointed under the decedent's will in this State the property constituting the trust fund held by them, and the executors distributed this property to the various legatees in accordance with the provisions of decedent's will. Therefore, the right of these legatees to succeed to the property was derived from the will of decedent, and upon this privilege the State of New York may impose a tax."

In the *Seaman Case* (*supra*) the surrogate based his decision upon the authority of *Matter of Frazier* (*supra*).

In the case at bar, however, no distribution has taken place by virtue of the laws of the State of New York, nor has any property been transferred for distribution to an executor or administrator appointed in this State, nor has the decedent's will been admitted to probate in the State of New York. In fact, neither the testatrix nor any of her personal representatives have endeavored in any way to take advantage of the laws of the State of New York for the purpose of passing the title to or distributing any part of decedent's estate.

While the last two cases cited seem to be some authority on the side of the respondent, *Matter of Thomas* (39 Misc. Rep. 136) holds that under a quite similar state of facts the State was not authorized to assess a tax upon the transfer under a power of appointment there involved. The decision was made in 1902. The donor of the power there under consideration was Edwin L. Parker, who was a resident of Baltimore county in the State of Maryland. In his will, made and proved in Maryland in 1868, he devised and

bequeathed a portion of his residuary estate to three trustees then and at all times thereafter residents of the State of Maryland, upon a trust to keep the same invested and pay the income to the testator's daughter, Cordelia P. Thomas, during her lifetime, and after her death to pay or transfer the same in such manner as she by her last will and testament might direct. Cordelia P. Thomas married and died in 1902, a resident of the county of New York, leaving a will in which she exercised the power of appointment thus conferred. This will was admitted to probate in the county of New York and was subsequently determined to be a valid execution of the power of appointment under her father's will in the city of Baltimore, in a decree which directed that the trustees under the will of her father pay over the fund in their hands to the appointees of the testatrix. All of the assets of the estate, like those in the case at bar, were outside of the State of New York. The learned surrogate said: " A strictly literal construction of the statute would require the imposition of the tax, but I cannot think that the Legislature intended such a result, as applied to the facts of the present case, and I am of opinion that, if it did, the statute cannot be enforced. In all of the cases it is quite clearly asserted that the tax is one, not upon property, but upon transfers of property made by will or descent, where the right to make or receive such transfers is accorded by the laws of this State, and which right the sovereign power of this State may lawfully abridge by the amount of the tax. It was upon this ground that the provision of law now under consideration was determined to be constitutional.

" In the present case no transfer of any kind of any part of the assets of the estate of Edwin L. Parker, in the hands of his trustees at the time of the death of his daughter, has been effected or permitted by any law of the State of New York. All of those assets were in the State of Maryland, held by trustees residing in Maryland, under a will of a citizen of Maryland, pursuant to the laws of that State. It is true that the will of the decedent which effected the appointment was executed here, but it derived none of its force or validity from our law. Its legal effect depended entirely upon the law of Maryland, and if its probate in this State was necessary

or useful for any purpose, it was only because the law of the State of Maryland so declared."

Had it become necessary in the case at bar to admit the decedent's will to probate in this State for the purpose of passing the title to any part of the property over which the decedent had a power of appointment, or had the personal representatives of the deceased elected to take advantage of our laws for the purpose of passing the title to such property, there might be some argument that the State would be authorized to assess a tax upon the remainders upon the theory that such power was exercised by virtue of a privilege conferred by the laws of New York. It was *not necessary to the exercise of such power to probate the will here*, and it was not probated here. The case, therefore, is barren of any proof showing that the State of New York has granted any right or privilege which has in any way affected the passage of the title to the property which the beneficiaries clearly have the right to possess under the laws of the State of Massachusetts and under the wills in question.

It, therefore, follows that the determination reached by the surrogate in respect to the right of the State to assess a tax under the section of the Tax Law above mentioned was erroneous.

Having reached the conclusion that said remainders are in no event subject to taxation, it is unnecessary to consider the second question raised by the appellant respecting the manner and time of such taxation, or the amount of tax to be assessed.

The order appealed from should be reversed, with costs to the appellants against the respondent, and the matter remanded to the surrogate of New York county for disposition in accordance herewith.

DOWLING, LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Order reversed, with costs to appellants against respondent, and proceeding remitted to Surrogates' Court for further action in accordance with opinion. Settle order on notice.