In the Matter of the Estate of SARAH S. BRETT, Deceased.

Surrogate's Court, New York County, April 19, 1922.

Taxation — transfer tax — exercise of power of appointment by resident of state under non-resident's will not taxable — transfer of securities of New York corporations, subject to power of appointment, taxable under Tax Law, § 220, subd. 6 — transfer of bonds of public service corporations not taxable under Tax Law, § 220, subd. 4.

The exercise by a resident of this state of a power of appointment under a will of a resident of New Jersey disposing of property not within this state is not subject to a transfer tax though the will by which the power was exercised was probated in this state.   The admission of the will to probate in this state

was not necessary to the succession of the property effected by the exercise of the power.

Transfer of securities of New York corporations subject to the power of appointment is taxable under subdivision 6 of section 220 of the Tax Law.

Bonds of public service corporations included within the trust are not taxable under subdivision 4 of section 220 of the Tax Law.

TRANSFER tax proceeding.

FOLEY, J. The executors appeal from the order fixing the transfer tax, and particularly that portion which assesses a tax upon the exercise of the power of appointment made by the decedent. The decedent died a resident of the county of New York on September 3, 1920. Her father, Benjamin M. Price, died a resident of the state of New Jersey on September 10, 1892, leaving a will which was admitted to probate in that state on September 22, 1892. By its provisions the decedent was given a life estate in a certain part of his property with power of appointment. Immediately after his death transfer tax proceedings were taken in his estate in New York, and the tax assessed upon the value of the life interest, in so far as it applied to the property physically located within this state, and taxation of the remainder in these trusts was suspended. The will of the decedent was probated in this court.

Under the recent decision of the Appellate Division in *Matter of Canda,* 197 App. Div. 597, the appeal of the executor must be sustained and the order fixing tax modified, in so far as it attempts to tax the transfer of part of the property passing under the power of appointment. In *Matter of Canda, supra,* the Appellate Division held that this court was without jurisdiction to assess a tax upon the exercise of the power of appointment created by the will of a resident of Massachusetts where the property affected was not located in the state of New York. The donee of the power in that case was a resident of this state, but the will, by which the power was exercised, was probated in Massachusetts. The only difference, therefore, between the present case and the *Canda* case is that here the will was probated in New York. While some doubt is expressed in that opinion as to the freedom from taxation in New York, where the will was probated here, it would seem that the personal property, with the exception of that part hereinafter referred to, passed directly in the donor's estate under the New Jersey law. The donee's will was executed according to the formalities required by New Jersey. In *Walker* v. *Treasurer & Receiver General,* 221 Mass. 600, cited in *Matter of Canda,* the will of the donee was likewise probated in the state of the domicile. I, therefore, see no distinction between the instant case and *Matter of Canda,* for the admission to probate of the will in New York state

was not necessary to the succession of the property effected by the exercise of the power.

The state tax commission contends that, in any event, the transfer of the part of the personal property subject to the power is taxable because it consisted of securities of New York corporations. The executors concede the correctness of this contention, but differ as to the exact property taxable. In my opinion the transfer of the shares of stock of the Consolidated Gas Company, valued at $6,942.67, is subject to a tax. This determination depends upon the jurisdiction of the legislature of New York to tax property passing by the privilege of our laws. Subdivision 6 of section 220 of the Tax Law (see McKinney's Consol. Laws & Supp.) declares that the appointment when made shall be deemed a transfer taxable in the same manner as though the property to which the appointment relates belongs absolutely to the donee of such power. Certainly the shares of stock of the New York corporation pass under the privilege of taking by a will, which is extended by our laws, and is the foundation of the taxing power. *Matter of Dows*, 167 N. Y. 227; *Gardiner* v. *Treasurer & Receiver General*, 225 Mass. 355. It could not be seriously contended that real estate, located within the state of New York and effected by such a power, should not be taxed in the donee's estate.

The bonds of the corporations included within the trust are not, however, taxable under subdivision 4 of section 220, since they are the bonds of public service corporations.

Submit order modifying order fixing tax accordingly.

Decreed accordingly.