In the Matter of the Estate of EDWIN J. NELSON, Deceased.

Surrogate's Court, Oneida County, June 2, 1932.

*Dunmore, Ferris & Dewey*, for the First Citizens Trust Company, as executor.

*Clarence E. Williams*, for the legatee, Home for Aged Men and Couples.

*R. F. Livingston*, for heirs at law and legatees.

————— *Ingraham*, for William K. Nelson, adopted son of a brother of decedent.

Evans, S. The trustee in this estate has filed its account and asks for a decree of intermediate judicial settlement that includes a determination by the court as to the ownership of certain trust funds directed to be paid or held under the terms of the testator's will. This instrument bears date of January 23, 1913. The testator died on September 22, 1914. His will was duly admitted to probate on October 26, 1914. He was survived by a widow, but no children. The widow remarried and her death occurred on August 24, 1931. The value of this estate, excluding income, is a little in excess of $100,000. Subject to some minor bequests the use of the estate was given to the widow during her lifetime and thereafter the will by four separate paragraphs substantially alike except as to names, provides a trust fund of $20,000 to each of the testator's two brothers and two sisters.

These persons were each entitled to a life use of their respective funds, and upon the death of each the corpus was to be equally divided among their children. If no children survived, then in that event the corpus became part of the residuary estate to be paid to the Nelson Home for Aged Men and Couples.

One brother and one sister are now deceased, and one brother and one sister are living.

Our immediate concern is with the fund of $20,000 of which the deceased brother, Seymour Nelson, had the life use. He died on August 22, 1922, leaving no children of the blood, but was survived by William Kring Nelson, who was adopted on July 1, 1916, and who asserts a right to the fund in question with the same force and effect as if he were a natural child of Seymour Nelson. It is to be noted that the adoption of the claimant took place long after the execution of the will, the death of the testator, and the probate of his will. Independent of numerous cases defining the property rights of adopted children, it would seem that under the conceded facts section 114 of the Domestic Relations Law is an impassable barrier to the contention of the claimant. This section, after defining at length the effect of adoption, provides: " * * * But as respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the person adopted is not deemed the child of the foster parent so as to defeat the rights of remaindermen."

The reason for this provision is thus stated by the Court of Appeals: " The only instance in which the adopted child is not deemed to be the child of the foster parent is where future estates may be cut off by such adoption.

" Where the passing by limitation over of real or personal property is dependent on a parent dying without heirs or children, it would be very easy for a person having no child or children to adopt one and thus cut off the contingent remainder.

" The statute was aimed at such a possibility." (*Matter of Horn,* 256 N. Y. 294; *Matter of Leask,* 197 id. 193; *Matter of Martin,* 133 Misc. 80.)

It must follow that William Kring Nelson takes nothing under paragraph " eighth " of the will and that he is not a child of Seymour Nelson within the meaning and contemplation of the testator.

Another question to be settled is with reference to the residuary estate. Paragraph 11 of the will provides that after the death of the widow the residuary estate shall be used for the founding of a home in Herkimer county to be known as " The Nelson Home for Aged Men and Couples," with somewhat minute directions as to location, eligibility of inmates, entrance fee, selection of the board of managers and other details.

These provisions are followed by this clause: " This fund for establishing the above described Home is to be used in connection

with a similar fund provided for in the Will of my said wife, Emma Reed Nelson."

It is claimed on the part of William Kring Nelson and Arnold W. Nelson, the surviving brother of the testator, that as to the residuary estate the testator died intestate, and that for reasons that will later appear everything contained in the will concerning the proposed home is void and of no effect. The reasons advanced are, briefly, that the residuary estate is insufficient to establish and maintain such a home and that there was a mutual contract between the testator and his wife to make wills in which similar provisions should be made for the benefit of the proposed home in Herkimer county and that Mrs. Nelson repudiated this agreement and left the bulk of her estate to a home that she proposed to establish elsewhere. The residuary estate now amounts to $19,000, and with the Seymour Nelson trust fund of $20,000 added there is now a nucleus of $39,000.

There was evidence submitted concerning initial costs, maintenance and other details from which different conclusions may be drawn of the sufficiency or lack of sufficiency of funds to carry out the intent of the testator. Assuming that there is or will be a lack of funds to enable a literal compliance with the terms of the will, this contingency, I think, is covered by section 12, subdivision 2, of the Personal Property Law (as amd. by Laws of 1909, chap. 144). This provides in substance that the Supreme Court shall have control over gifts, grants and bequests for religious, educational, charitable or benevolent uses; that wherever it shall appear to the court that circumstances have so changed since the execution of an instrument containing a gift, grant or bequest to religious, educational, charitable or benevolent uses as to render impracticable or impossible a literal compliance with the terms of such instrument, the court may upon notice make an order directing that such gift, grant or bequest shall be administered or expended in such manner as in the judgment of the court will most effectually accomplish the general purpose of the instrument without regard to and free from any specific restriction or direction or limitation contained therein. Jurisdiction has now been extended to Surrogates' Courts. (Laws of 1931, chap. 562, § 9.)

The evidence is rather meager in support of the contention that there was a contract between the testator and his wife each to provide by mutual wills a fund to establish and maintain the proposed home. The reference in the will and declaration by Mrs. Nelson seem to indicate that the husband and wife had an understanding to that effect.

Whatever the fact is, the testator kept his agreement. There was no failure on his part and his intentions should not now be nullified because of any real or fanciful delinquency on the part of his wife. (*Hermann* v. *Ludwig*, 186 App. Div. 287.)

I hold and decide that William Kring Nelson has no interest in this fund and that it is a part of the residuary estate and should be administered in accordance with the terms of the will.

Decreed accordingly.