In the Matter of the Estate of LISA W. SANDFORD, Deceased.

Surrogate's Court, New York County, August 3, 1936.

*James C. Webster*, for the executors.

*Edgar Hirschberg*, for the State Tax Commission.

DELEHANTY, S. The executors of deceased appeal from the *pro forma* order of August 5, 1935, fixing the estate tax on the report of the appraiser. They urge six separate grounds of appeal.

The first and second relate to the inclusion as part of the taxable estate of the sums of $173,511.09 and $180,604.24, the values, respectively, of an *inter vivos* trust and a testamentary trust created by Ellen W. Duryea, a sister of this decedent, over which this decedent exercised powers of appointment given to her by Ellen W. Duryea. The questions raised by these two grounds of appeal have already been passed upon by the decision in *Matter of Duryea*

(156 Misc. 144), the donor of the powers of appointment. For the reasons stated in that decision these two grounds of appeal are held to be without substance.

The third ground of appeal relates to the inclusion in the gross estate of $177,057.67, representing one-half of the combined two trust funds above mentioned which passed to this decedent's daughter, Lisa W. Heighe. This decedent died leaving her surviving a daughter, Lisa W. Heighe, a son, Robert H. Heighe, and an adopted son, Baronig Baron. If this decedent failed to exercise the respective powers of appointment granted to her the corpus of the *inter vivos* trust would pass to the *children* of this decedent and the corpus of the testamentary trust would pass to the *heirs at law* of this decedent — all by virtue of the instruments creating the trusts. Assuming failure to exercise the powers of appointment, the corpus of both trusts would vest equally in Lisa W. Heighe and Robert H. Heighe. The adopted son would not share in such circumstances as he is entitled to take only from this decedent and not through her. (*Matter of Brenner*, 149 Misc. 412; *Matter of Marsh*, 143 id. 609; *Winkler* v. *New York Car Wheel Co.*, 181 App. Div. 239; *Matter of Nelson*, 143 Misc. 843; *Matter of Conant*, 144 id. 743.) This decedent, however, appointed the corpus of both funds equally to Lisa W. Heighe and Baronig Baron and excluded her son Robert. The one-half interest in the two trusts which Lisa W. Heighe would receive by reason of acceptance by her of the benefit due to the exercise of the power is the same thing which she would have received had this decedent not exercised the powers and the same which she receives if she elects to reject the appointment. It is to be presumed that Lisa W. Heighe will take under the will of the donor which by its terms relieves her of the payment of any tax rather than under the appointment which burdens her with a tax. The State Tax Commission contends that the one-half of the trusts passing to Lisa W. Heighe is taxable no matter what choice may be attempted by her because in exercising the power of appointment this decedent did not dispose of all of the funds to the same persons who would have taken if the power were not exercised. This contention is unsound. (*Matter of Ripley*, 122 App. Div. 419; affd., 192 N. Y. 536; *Matter of Slosson*, 216 id. 79; *Matter of Taylor*, 121 Misc. 7; affd., 209 App. Div. 299; affd., 239 N. Y. 582; *Matter of Lansing*, 182 id. 238; *Matter of Backhouse*, 110 App. Div. 737; affd., 185 N. Y. 544.) The appeal of the executors on this ground is sustained. There should be eliminated from the taxable property in this estate the one-half value of the trusts passing to Lisa W. Heighe from Ellen W. Duryea.

The fourth ground of appeal relates to the inclusion in the gross estate of the sum of $45,806.69, the value of securities in a testa-

mentary trust created by the will of Thomas B. Winchester over the corpus of which this decedent was given a power of appointment which she has exercised. Thomas B. Winchester was the father of this decedent. He died in 1904, a resident of Boston, Mass. The fund in question was part of his residuary estate. His will named as trustees two residents of Massachusetts and the fund remained in that State until after the death of the sole surviving trustee on April 18, 1933. Thereafter, two residents of New York qualified in Massachusetts as substituted trustees. It would appear from the reply memorandum of the executors that some of the securities comprising the trust are now in this State, while others are in the State of Massachusetts, where they have remained at all times since the death of Thomas B. Winchester. The probate in this State of the will of the donee was unnecessary to effect the transfer of the property affected by the exercise of the power. The property is, therefore, not subject to tax in this State. (*Wachovia Bank & Trust Co.* v. *Doughton*, 272 U. S. 567; *Walker* v. *Treasurer*, 221 Mass. 600; 109 N. E. 647; *Matter of Canda*, 197 App. Div. 597; *Matter of Brett*, 123 Misc. 507.) In the ascertainment of the net taxable estate of this deceased the question of taxability of this fund is not of major importance because the will of deceased charges the funeral and administration expenses first to this fund. These expenses will exhaust the fund and so its inclusion in the gross estate or its exclusion therefrom will make no difference. Only the balance of funeral and administration expenses not satisfied out of the fund may be charged as a deduction against other concededly taxable assets of the estate. The appeal is soundly based no matter what the practical effect may be and it must be sustained, with the stated limitation.

The fifth ground of appeal is based on the inclusion in the gross estate of the sum of $72,317, the value of securities in *inter vivos* trusts created by this decedent. By trust indenture dated December 31, 1929, securities of the then par value of $122,000 were transferred to the Guaranty Trust Company of New York as trustee. By the terms of the indenture this decedent reserved to herself for life the income from the trust and directed that upon her death the principal, together with any accrued income, be paid to her adopted son, Baronig Baron. The indenture provided that the grantor might demand from the trustee payments of principal up to fifty per cent of the total value of the trust. This right she exercised by withdrawing one-half of the securities and by executing a new trust indenture dated July 12, 1932, in which she named Baronig Baron as trustee. By the terms of this 1932 indenture she reserved to herself the income for life and directed that on her death

the principal be paid to Baronig Baron. He was also given the power at any time "to withdraw from said fund such sums of principal as he in his discretion and upon his own initiative or upon the request of the grantor shall deem for the best interests of the grantor." The appraiser has included as part of the gross estate $40,499.22, the value as of the date of death of the decedent of the securities in the original 1929 trust, and $31,717.70, the value at that date of the securities in the trust created by the 1932 indenture. The petitioners argue that the original trust was irrevocable as to one-half and that after the revocation by the 1932 trust indenture the securities remaining in the original trust were vested in the remainderman, Baronig Baron, and are, therefore, not taxable in this estate. They argue that the securities in the 1932 trust are not taxable as they were in effect given outright to Baronig Baron since he was exempted by the indenture from any duty to account.

Section 249-r of the Estate Tax Law, effective September 1, 1930, did not provide for the taxation of irrevocable trusts created by a decedent in his lifetime in which he had reserved for himself the enjoyment of the income or the right to designate the person to receive the property or the income. By amendment (Laws of 1931, chap. 62) in effect March 10, 1931, such trusts were rendered subject to tax. This amendment could be applied only prospectively, however, and could not be made retroactive so as to render taxable the property in a trust created prior to its effective date, March 10, 1931. (*Nichols* v. *Coolidge*, 274 U. S. 531; *May* v. *Heiner*, 281 id. 238; *Coolidge* v. *Long*, 282 id. 582.) The section was further amended by chapter 639 of the Laws of 1934, in effect May 8, 1934. Thenceforth property in this type of irrevocable trust, regardless of the date of its creation, is made taxable in the estates of persons dying after May 8, 1934. This latter amendment cannot affect this estate since the decedent died on February 7, 1934, three months before the 1934 amendment became effective. With respect to that part of the original trust *res* as to which the trust was irrevocable neither the amendment of 1931 nor that of 1934 is applicable; and to that extent the appeal is sustained. With respect to the trust *res* affected by the 1932 indenture the appeal is denied. This indenture created a new and distinct trust which was subject to tax under the 1931 amendment. There is no basis to the point now urged that the indenture is one of gift and not of trust.

The sixth ground of appeal alleges no specific error and so is overruled.

Submit, on notice, order modifying in accordance with this decision the order fixing tax.