# BLOUNT *v.* WALKER.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 1399.   Submitted March 24, 1890. — Decided April 7, 1890.

A judgment by a state court of South Carolina that the will of a resident in North Carolina, who was the donee of a power to appoint by will to receive the fee of real estate in South Carolina, after the expiration of a life estate, was properly admitted to probate in North Carolina, as executed according to the laws of that State, and was properly admitted to probate in South Carolina by proof of an exemplified copy, though not executed according to the laws of that State, but that the donor of the power intended that the appointment should be made by a will valid under the laws of South Carolina, which this will was not, does not refuse to give full faith and credit to the judgment of the court of North Carolina, admitting the will to probate.

To give this court jurisdiction of a writ of error to a state court it must appear affirmatively, not only that a federal question was presented for decision to the highest court of the State having jurisdiction, but that its

decision was necessary to the determination of the cause, and that it was actually decided, or that the judgment as rendered could not have been given without deciding it.

MOTION TO DISMISS.    The court stated the case as follows :

Sarah J. Harris, a citizen of the State of South Carolina, died at her residence in that State in December, 1885, leaving a last will and testament bearing date September 11, 1885, and, her surviving, an only child, Mrs. Mary D. Blount, whose domicil was that of her husband, William H. Blount, in Wilson County, in the State of North Carolina.  Mrs. Harris' next nearest of kin was her sister, Caroline S. Walker, mother of Julius H. Walker.  By her will Mrs. Harris gave, bequeathed, and devised her estate, real and personal, which was all situated in South Carolina, to her nephew, Julius H. Walker, (who was appointed executor,) in trust for Mary D. Blount "for and during the term of her natural life," unless the trust were sooner executed, as provided in an item of the will not material to be considered here, and upon the death of Mrs. Blount the estate was " bequeathed and devised to the issue of the said Mrs. Blount, to them and their heirs forever, *per stirpes* and not *per capita ;* and if the said Mrs. Blount die without issue surviving her at the time of her death, then the same is devised and bequeathed to such person or persons and in such proportions as the said Mrs. Mary Delia Blount may appoint by her last will and testament duly executed, to the said appointees and their heirs forever."  Mrs. Blount died at her home in North Carolina, without issue, in April, 1886. She left a will dated March 16, 1886, providing that "all my estate, both real and personal, whether legal or equitable, I devise, bequeath and absolutely give unto my beloved husband, to his only use and behoof, and hereby direct the trustee appointed by the last will and testament of my deceased mother, Mrs. S. J. Harris, of Columbia, in the State of South Carolina, to execute all such needful conveyances and releases as may effectually divest his title as such trustee, and convey the property and effects, to him devised by said last will of Mrs. S. J. Harris, to my said husband, W. H. Blount, to him

and his heirs absolutely." This will was duly admitted to probate in the Probate Court of Wilson County, North Carolina, on the 26th day of April, 1886, the order of that court finding from the evidence of the subscribing witnesses that the paper writing propounded " is the last will and testament of M. Delia Blount, and that the same was duly executed by said M. Delia Blount." Letters testamentary issued June 3, and an exemplification of the probate proceedings was duly filed and admitted to probate in the proper Probate Court in South Carolina, in accordance with the statute in that behalf, which provided: "If a will be regularly proved in any foreign court, an exemplification of such will may be admitted to probate in this State upon the exemplification and certificate of the judge of the court of probate; and the exemplification shall also be evidence of the devise of land in this State where the title of lands comes in question." Gen. Stats. So. Car. 1882, p. 549, § 1875.

William H. Blount instituted an action on the equity side of the Court of Common Pleas in Richland County, South Carolina, against Julius H. Walker, who had qualified as executor and was in possession as trustee, and Mrs. Caroline S. Walker, setting forth the deaths of Mrs. Harris and Mrs. Blount and the wills, and claiming the entire estate of Mrs. Harris as the appointee by Mrs. Blount's will; alleging demand upon the trustee and executor, and refusal; and demanding judgment that he be adjudged to be the owner of said estate; that Walker be required to account; and for general relief. Walker answered, submitting, under the advice of counsel, the question to the court " whether the will of M. Delia Blount is a valid execution of the power conferred upon her by the will of Sarah J. Harris, and whether said will of Mrs. Blount has been duly executed so as to pass the property of said Sarah J. Harris in the hands of this defendant." Mrs. Walker also answered, claiming to be entitled to the whole estate of Mrs. Harris as her sole heir after the death of Mrs. Blount, and alleging that Mrs. Blount's will was not executed as required by the laws of South Carolina, and was not, therefore, a valid execution of the power.

The cause was heard by the judge of the Court of Common Pleas, who found, among other things, "that Mrs. Blount's will was duly proved in the Probate Court of North Carolina, in the county in which she resided, and a proper exemplification under the laws of South Carolina was admitted to probate in Richland County on the 19th May, 1886. The Court of Probate of North Carolina is, under the laws of North Carolina, a court of general jurisdiction in all matters testamentary. The exemplification of the judgment of that court, establishing this will, was properly proved according to the acts of Congress. Mrs. Blount's will is not executed according to the laws of South Carolina. The question to be determined is whether Mrs. Blount's will is a valid execution of the power contained in Mrs. Harris' will. It is conceded in the argument, and is undoubtedly sound, that the appointee, under a power like the one under consideration, takes under the instrument creating the power, and not under the instrument of appointment. And in this case Mrs. Harris' will expressly conveys the property to the appointee under the power. The only requisite required by Mrs. Harris' will for the execution of this power, is that the same shall be by 'will duly executed;' and in this case that formality has been complied with, and is shown by the judgment of the court of her domicil." And it was "ordered, adjudged and decreed, that the power is well executed, and the plaintiff is entitled to the property set out in the complaint and in the hands of the defendant Julius H. Walker."

Defendants appealed from this decree to the Supreme Court of South Carolina, which on the 23d day of April, 1888, reversed the judgment of the Circuit Court. The court held that the power was not well executed, for the reason that Mrs. Harris had by her will conferred a power which the donee could only exercise "by her last will and testament duly executed," which meant a will duly executed according to the laws of South Carolina, which this will was not; and the court said: "This paper was doubtless a valid will in North Carolina, sufficient to pass any property which Mrs. Blount was entitled to in her own right in that State; and any

personal property which she owned anywhere, and was, there-
fore, no doubt, properly admitted to probate there, as well as
here, upon the exemplification under the statute.    But the
question here is, not whether Mrs. Blount has made a will
disposing of her own property, but whether the paper pro-
pounded as such is a valid execution of the power conferred by
the will of Mrs. Harris; and for the reasons above stated we
do not think it is."   *Blount* v. *Walker*, 28 So. Car. 545.   The
cause was remanded, and subsequent proceedings taken in the
Court of Common Pleas, and another judgment rendered by
the Supreme Court upon the question of who was or were
entitled to take upon the failure of Mrs. Blount to make a valid
appointment; but it is not claimed here that any federal ques-
tion arose thereon.

To the judgment of the Supreme Court a writ of error was
sued out from this court.

*Mr. Joseph Daniel Pope* and *Mr. Robert W. Shand* for the
motion to dismiss.

*Mr. Samuel Field Phillips* opposing.

Under Rev. Stat. § 906, it was held by this court that the
"faith and credit" spoken of are not limited to the form of the
record and are not satisfied by its admission as a record, but
that the same effect must be given to the record in the courts
of the State where produced as in the courts of the State from
which it is taken.  *Mills* v. *Duryee*, 7 Cranch, 481; *Leland*
v. *Wilkinson*, 6 Pet. 317; *Crapo* v. *Kelly*, 16 Wall. 610.

The true test of jurisdiction over state courts is not whether
the record exhibits an express statement that a federal ques-
tion was presented, but whether such a question was decided
and decided adversely to the federal right.  The form and
mode in which it was decided are of minor importance.
*Murray* v. *Charleston*, 96 U. S. 432.

In brief, our position is: (1) That the decision of the state
court necessarily involved the question whether the will of
Mrs. Blount was her "last will and testament duly executed;"

(2) That the judgment of the probate court of North Carolina is conclusive of this, and that whether in the decision of the state court it has given this judgment the same force and effect as it has in North Carolina is the federal question.

And that it is immaterial whether the state court has decided the judgment void, or evades a decision on the ground of construction.

The jurisdiction having attached, each party is entitled to be heard on the merits. As said by this court in *Baltimore & Ohio Railroad* v. *Maryland*, 20 Wall. 643 : " Where the federal question has been raised and has been decided against plaintiff in error in a state court, jurisdiction of this court attaches and the case must be heard on the merits," although the state court placed its decision on another ground that does not present a federal question. Both parties are entitled to be heard in this court on the soundness of the decision of the federal question, on its sufficiency to control the judgment in the whole case, and on the sufficiency of any other point decided to affirm the judgment, even if the federal question was erroneously decided.

MR. CHIEF JUSTICE FULLER, after stating the case as above reported, delivered the opinion of the court.

The federal question relied on to sustain our jurisdiction that the Supreme Court of South Carolina did not give 1 faith and credit to the judgment of the Probate Court of Wilson County, North Carolina, admitting Mrs. Blount's will to probate.

We cannot see that any such question is presented by this record. The Probate Court of Wilson County, North Carolina, had no jurisdiction to declare the will duly executed " according to the laws of South Carolina," or that it was a good execution of the power of appointment, and did not undertake to adjudge to that effect, and it is not denied that Mrs. Blount's will was not executed according to those laws. The Supreme Court of South Carolina did not refuse to the judgment of the Probate Court of North Carolina full faith

and credit. It assumed that the will was properly admitted to probate in North Carolina, as well as in South Carolina, by an exemplification thereof, under the statute to that effect in the latter State, but it held that when Mrs. Harris prescribed the mode in which the power of appointment should be exercised, by the use of the words "by her last will and testament duly executed," she intended a will duly executed according to the laws of South Carolina, and not a will duly executed according to the laws of any State or country in which the donee of the power, Mrs. Blount, might happen to be domiciled at the time of her death. The probate of Mrs. Blount's will in North Carolina established that the will was executed according to the law of the State where she was domiciled, but it did not establish that the will was executed according to the law of South Carolina, as it is conceded it was not. When, therefore, the Supreme Court of South Carolina, in construing Mrs. Harris' will, arrived at the conclusion that the estate of the latter would only pass to such person as might receive an appointment by a will duly executed according to the laws of South Carolina, that was an end of the case, and whether that conclusion was right or wrong is a matter with which we are not concerned. If we were of a different opinion, and, entertaining jurisdiction, were to reverse the judgment of the Supreme Court of South Carolina, we should do it upon the ground that that court erred in the construction of Mrs. Harris' will, and not upon any ground connected with the judgment of the Probate Court of North Carolina, which could not and did not determine that question. Counsel says that the position of the plaintiff in error is, "that the decision of the state court necessarily involved the question whether the will of Mrs. Blount was her 'last will and testament duly executed;' that the judgment of the Probate Court of North Carolina is conclusive of this; and whether in the decision the state court has given this judgment the same force and effect as it has in North Carolina, is the federal question." But the state court conceded that the judgment of the Probate Court of North Carolina established that the will of Mrs. Blount was her last will and testament duly executed, and its decision

did not in the slightest degree proceed upon the denial of that fact, but gave the judgment the same force and effect that it had in North Carolina, for in neither of the States would the will, as such, dispose of property that did not belong to the testatrix.

To give this court jurisdiction of a writ of error to a state court, it must appear affirmatively, not only that a federal question was presented for decision to the highest court of the State having jurisdiction, but that its decision was necessary to the determination of the cause, and that it was actually decided, or that the judgment as rendered could not have been given without deciding it. *New Orleans Water Works Company* v. *Louisiana Sugar Refining Company*, 125 U. S. 18, 29; *Klinger* v. *Missouri*, 13 Wall. 257, 263; *DeSaussure* v. *Gaillard*, 127 U. S. 216; *Hopkins* v. *McLure*, 133 U. S. 380.

The motion to dismiss the writ of error must be sustained.

*Writ of error dismissed.*