ATTORNEY GENERAL *vs.* CHARLES N. BARNEY, administrator with the will annexed.

Suffolk.   January 12, 1912. — February 28, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Tax,* On successions and inheritances.

Under St. 1907, c. 563, § 1, now St. 1909, c. 490, Part IV, § 1, relating to the taxation of legacies and successions, in determining whether a "bequest, devise or distributive share of an estate" exceeds in value the limit of exemption fixed by the statute, the tax commissioner of the Commonwealth has no right to take into account the amount received by the legatee, devisee, or distributee from property situated in another State.

INFORMATION IN EQUITY, filed in the Supreme Judicial Court on July 1, 1911, by the Attorney General at the relation of the Treasurer and Receiver General of the Commonwealth, against the ancillary administrator with the will annexed in this Commonwealth of the estate of Frank D. Sweetser, late of Martinez in the State of California, praying that the defendant might be ordered to pay to the Treasurer and Receiver General the sum of $17.36 as a tax due and payable under St. 1907, c. 563, § 1, now St. 1909, c. 490, Part IV, § 1.

The case came on to be heard before *Morton,* J., who, at the request of the parties, reserved it for determination by the full court upon the information, answer and replication and an agreed statement of facts.

The case was submitted on briefs.

*J. M. Swift,* Attorney General, *& F. T. Field,* Assistant Attorney General, for the plaintiff.

*C. N. Barney & H. T. Lummus,* for the defendant.

MORTON, J.   The defendant is the administrator with the will annexed of one Frank D. Sweetser, who at the time of his death was domiciled in Martinez in the State of California.   The will was duly proved in California.   By the will the testator gave to a niece a legacy of $500 and bequeathed the rest and residue to two sisters and a brother in equal shares.   The estate amounted to $16,144.20, of which $1,116.07 was in this Commonwealth.   This was all that was actually or constructively here, or that came into the hands of the defendant.   The legacy of $500 was paid by the executor in California and he distributed the rest and residue, amounting to nearly $5,000 each, between the sisters and the brother.   The defendant paid from the estate in his hands the debts due to Massachusetts creditors, the expenses of administration here and the funeral charges incurred here, and at the request of the executor in California divided what remained, which amounted to $631.08, equally between the residuary legatees, each receiving in full $210.36.   The Treasurer and Receiver General has assessed a legacy and succession tax upon the estate thus paid over to and distributed by the defendant amongst the residuary legatees and brings this bill to enforce its payment, contending that the amounts severally received by the residuary legatees from the estate in California should be taken into account in determining whether the bequests to them exceeded $1,000 in value, and if they do, as it is plain that they do if that rule is to be applied, that then the estate in the hands of the defendant is liable to a legacy and succession tax.   We do not understand the defendant to controvert this if the rule contended for by the Treasurer and Receiver General is the correct rule.   The defendant on the other hand contends that the amounts received by the residuary legatees from the California estate should not be taken into account in determining whether the bequests to them exceed $1,000 in value, and if it should not, then he contends, and the Attorney General, as we understand him, concedes, that the tax was unlawfully and improperly assessed.

The testator died in November, 1908.   The statute then in force was St. 1907, c. 563, § 1, now St. 1909, c. 490, Part IV, § 1.

That statute, so far as applicable to the case before us, provides that "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, whether belonging to inhabitants of the Commonwealth or not, which shall pass by will, or by the laws regulating intestate succession, or by deed, grant, or gift, except in cases of a *bona fide* purchase for full consideration in money or money's worth, made or intended to take effect in possession or enjoyment after the death of the grantor, to any person, absolutely or in trust, except," etc. Then follow the exceptions which include husband and wife and children and certain other near relatives and connections of the decedent. These are divided into two classes, A and B. The statute then goes on: "And such property which shall so pass to or for the use of a member of class A shall be subject to a tax of one per cent of its value for the use of the Commonwealth if such value does not exceed," etc. The same language is used in regard to class B, except that the tax is three per cent instead of one per cent. It is manifest that the words "such property" refer to the words with which the section begins, namely: "All property within the jurisdiction of the Commonwealth . . . which shall pass by will" or in the manner there specified. In other words it is on property within the Commonwealth, and on that alone that the tax is imposed. The Attorney General not only does not controvert this but agrees that the statute must be so construed. After providing that administrators and executors shall be liable for the taxes the statute continues: "but no bequest, devise or distributive share of an estate which shall so pass to or for the use of a husband, wife, father, mother, child or adopted child of the deceased, unless its value exceeds ten thousand dollars, and no other bequest, devise or distributive share of| an estate unless its value exceeds one thousand dollars, shall be subject to the provisions of this act." It is plain, we think, that the "bequest, devise or distributive share" referred to is of property within the jurisdiction of this Commonwealth. The section deals with property in this Commonwealth and nowhere else. The word "estate" in the connection in which it is used means, and can only mean, property in this Commonwealth. It necessarily follows that in determining whether "a bequest, devise or distributive share" is or is not exempt the tax commissioner has no right to take

into account the ·amount received by the devisees or distributees from property situated in another State or country. To do so would be to tax the devisee or distributee indirectly for such property to an amount equal to the amount of the exemption here, and would be contrary to the principle on which the legacy and succession tax is based, which is that it is "an excise tax upon the privilege of passing title to property on the death of its owner." *Kingsbury* v. *Chapin,* 196 Mass. 533, 537. In order to be valid the tax must be levied by the authority that confers the privilege upon property which passes by virtue of the privilege.

It is immaterial what the practice of the administrative officers of the Commonwealth charged with the duty of collecting legacy and succession taxes may have been in regard to considering property within and without the Commonwealth. It is only when a statute is of doubtful import and the practice has been long continued and acquiesced in by all parties interested that it can be resorted to in aid of the construction of the statute. In the present case we discover no such ambiguity in the meaning of the statute as to justify as an aid to construction a resort to the practice of the officers charged with its execution, even if we assume that the practice had been sufficiently long continued to render it otherwise admissible.

There is nothing in the previous history of the statute which tends to show that it should be construed differently from what we have construed it.

*Bill dismissed with costs.*