JOSEPH R. WALKER, administrator with the will annexed, *vs.*
TREASURER AND RECEIVER GENERAL.

Berkshire. March 15, 1915. — September 16, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Tax,* On legacies and successions. *Statute,* Construction. *Power.*

Statutes relating to taxation by a necessary implication do not extend beyond the
jurisdiction of the State enacting them.

Under St. 1909, c. 490, Part IV, § 1, and St. 1909, c. 527, § 8, the exercise by a
testator, whose domicil was in this Commonwealth and whose will was proved
here, of a power of testamentary appointment given to him by the will of a
testator, whose domicil was in another State, transferring by such appointment
the title to personal property held by a trustee in such other State, is not subject
to a succession tax.

The so called succession tax imposed by our statutes on the passing of property
by the exercise of a power of appointment is an excise upon the commodity of
the privilege of passing title under the sanction and protection of the laws of
this Commonwealth, and the statutes imposing such excise have no application
where the property transferred by the exercise of the power is not physically
within the jurisdiction of this Commonwealth and the succession to it does not
depend on any privilege conferred by our laws.

RUGG, C. J. This is a petition * brought by the administrator
with the will annexed of the estate of Anna Eliza Barnard, late
of Sheffield in this Commonwealth, to determine the liability
of that estate to the Commonwealth for a succession tax in re-
spect of certain property held in trust by the Mercantile Trust
and Deposit Company of Baltimore, a corporation having its
usual place of business in Baltimore in the State of Maryland.
James McHenry Boyd, the first husband of the testatrix, died in
1849. By his last will, duly allowed by the court of appropriate
jurisdiction in Maryland, the State of his domicil, he left the
residue of his estate to Maryland trustees, in trust, to pay the
income to the testatrix during her life and upon her death to
pay the principal to her heirs or to such persons as she might by

* Under St. 1909, c. 490, Part IV, § 21, filed in the Probate Court for the
county of Berkshire on March 16, 1914. The Treasurer and Receiver General
appealed from the decree of that court. At the request of the parties the ap-
peal was reserved by *Carroll,* J., for determination by the full court.

will designate. The testatrix died in 1911, leaving as her heirs at law three children of a subsequent marriage. Her will disposed of certain real estate in Sheffield and personal property and gave the residue, including the trust fund here in question, to the Mercantile Trust and Deposit Company of Baltimore upon certain trusts. The *corpus* of the Boyd trust fund at the time of the death of the testatrix and since was personal property in the hands of the Mercantile Trust and Deposit Company and held in possession continuously outside this Commonwealth and within the State of Maryland. The validity of the testamèntary disposition by Mrs. Barnard of the fund in the hands of the trust company is challenged, but that point in the view we take of the case is not of decisive consequence upon the issue here depending.

The question to be decided is whether such personal property is under these circumstances subject to the succession tax imposed by our statutes.* The tax thus imposed is strictly an excise and

---

* St. 1909, c. 490, Part IV, § 1, as amended by St. 1909, c. 527, § 1, is as follows: "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, whether belonging to inhabitants of the Commonwealth or not, which shall pass by will . . . to any person . . . [with exceptions not here material] . . . shall be subject to a tax. . . ."

St. 1909, c. 527, § 8, is as follows: "Whenever any person shall exercise a power of appointment derived from any disposition of property made prior to September first, nineteen hundred and seven, such appointment when made shall be deemed to be a disposition of property by the person exercising such power, taxable under the provisions of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven, and of all acts in amendment thereof and in addition thereto, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by the donee by will; and whenever any person possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a disposition of property taxable under the provisions of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven and all acts in amendment thereof and in addition thereto shall be deemed to take place to the extent of such omission or failure in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure. . . ."

not a property tax. The privilege of passing the title to property is the commodity upon which the excise is laid. *Minot* v. *Winthrop,* 162 Mass. 113.

It is an implied condition of all statutes relating to taxation that they have no extraterritorial effect. They can apply in the nature of things only to property within the jurisdiction of the sovereign State enacting the legislation, either actually through physical location or constructively through control over the person of one essentially connected therewith. The test stated in *Clark* v. *Treasurer & Receiver General,* 218 Mass. 292, and that decision do not control the case at bar. In the instant case the property was actually in the State of Maryland. Its title was vested in the trustee resident there. Both its physical and constructive *situs* is in the State of Maryland. Massachusetts has no control either of the property or its owner. An excise tax may be upheld upon the succession to property where a direct property tax might not be sustained. But in such cases it can stand as a lawful exercise of the taxing power only when some necessary incident of the transfer of title depends for its efficacy upon the law of the State levying the tax. Under our own Constitution the "commodity" which may be taxed in the absence of corporeal jurisdiction over the property itself is the privilege of passing title under the sanction and protection of our law. *Attorney General* v. *Barney,* 211 Mass. 134. *Bliss* v. *Bliss, ante,* 201. *Keeney* v. *New York,* 222 U. S. 525, 537. *Wheeler* v. *New York,* 233 U. S. 434. The antithesis of this proposition is that where the property is not physically within the jurisdiction of the taxing power and its complete succession may be accomplished without invoking any privilege or sanction conferred by its laws, then there is nothing to which taxation can attach. If the property in Maryland had belonged to Mrs. Barnard, it would have been subject to the tax. *Frothingham* v. *Shaw,* 175 Mass. 59. But it did not belong to her. She had no title to it. She simply had the power of disposition if she chose to exercise it. This power does not constitute it her property. *Emmons* v. *Shaw,* 171 Mass. 410. The power is a deputation of the donee to act for the donor in disposing of the donor's property. Personal property over which one has the power of appointment is not the property of the donee, but of the donor of the power. The property in the case at bar

was not that of Mrs. Barnard, but of her first husband, who established the trust and created the power. Her own estate is ample to pay all debts, so there is no room for the application of *Clapp* v. *Ingraham*, 126 Mass. 200. If she has exercised the power, the instrument whereby that has been brought about takes effect not as a disposition of her own property but as an appointment of property of her first husband under the power conferred by his will. The appointees will take not as legatees of Mrs. Barnard but as grantees or donees of Mr. Boyd or the trustees who are his representatives. *Heath* v. *Withington*, 6 Cush. 497. *Sewall* v. *Wilmer*, 132 Mass. 131, 136. If she has failed to exercise the power conferred upon her, the devolution of the trust fund to her heirs takes place by virtue of the will of Mr. Boyd, which will be given efficacy by the law of Maryland, the State of his domicil. In either event, the *situs* of the property does not attach to the domicil of the donee of the power.

It was established in *Sewall* v. *Wilmer* that property in the hands of domestic trustees appointed under the will of a domestic testator, who conferred a power of appointment upon a non-resident, must be distributed according to the law of this Commonwealth and that the execution of the power must be interpreted according to our law and in conformity to the power conferred. It has been held in numerous cases that a power to appoint by will may be exercised by an instrument valid as a will in the jurisdiction where the power is established, although not valid as a will in the domicil of the donee. The principle is that whether the power has been exercised is to be determined by the law of the domicil of the donor of the power. *Murphy* v. *Deichler*, [1909] A. C. 446. *Rhode Island Hospital Trust Co.* v. *Dunnell*, 34 R. I. 394. *Bingham's Appeal*, 64 Penn. St. 345. Inferentially, if not expressly, this is established by *Sewall* v. *Wilmer*, 132 Mass. 131. It is the law of Maryland. *Bearn* v. *Winans*, 111 Md. 434. The will of Mr. Boyd in creating the power of appointment did not provide that the power must be exercised by a will executed according to the law of the domicil of the donee, to be proved and allowed in its courts. See *Rackemann* v. *Taylor*, 204 Mass. 394. A different question would be presented if that had been the case. Any instrument recognized by the courts of Maryland as an exercise of the power is sufficient. It is the settled law of

Maryland that in a case like the present "the appointee takes title not under the will making the appointment, but directly from the donor of the power and ' in like manner as if the power and the instrument executing it had been incorporated in one instrument.' " *Bearn* v. *Winans*, 111 Md. 434, 470.

It follows that no privilege by which the property passes, whether by exercise of the power or by failure to exercise it, is conferred by the law of this Commonwealth. Hence no commodity exists here on which the tax can be levied. By resort to the courts of Maryland all questions as to the succession of this trust estate will be determined without invoking the law of Massachusetts. That will be settled without dependence upon the moral support or actual assistance of our laws. *Bliss* v. *Bliss, ante,* 201. The circumstance that the will has been set up in this Commonwealth is not of controlling significance. There is nothing in this Commonwealth upon which St. 1909, c. 527, § 8, can operate.

*Decree of the Probate Court affirmed.*

*P. Ketchum,* (*E. M. Dodd* with him,) for the petitioner.

*W. H. Hitchcock,* Assistant Attorney General, for the respondent.