WACHOVIA BANK & TRUST COMPANY, ADMINISTRATOR, ET AL. *v.* DOUGHTON, COMMISSIONER OF REVENUE.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 49.   Argued May 6, 1926.—Decided November 29, 1926.

1. A State may not subject to taxation things wholly beyond her control.  P. 575.

2. The exercise of a power of appointment through a will made in North Carolina by a resident of that State, *held* not taxable there,

when the property was a trust fund in Massachusetts created by
the will of a citizen of that State bestowing the power of appoint-
ment—this in view of the Massachusetts law which treats the prop-
erty in such cases as passing under that law from the original donor
to the appointee, and governs the interpretation of the power and
its execution and the distribution of assets thereunder.   P. 575.
189 N. C. 50, reversed.

ERROR to a judgment of the Supreme Court of North
Carolina which sustained a tax upon the value of property
which passed to citizens of that State under a power of
appointment · executed by a resident of that State, but
created by the will of a resident of Massachusetts, where
the property was situate.

*Mr. William M. Hendren,* with whom *Messrs. Clement
Manly* and *B. S. Womble* were on the brief, for plaintiffs
in error.

While the tax here involved is not upon property, but
upon the right of succession to property, the property
being considered as measuring the value of the privilege,
nevertheless the same general rule as to jurisdiction is
applicable.   The true conception of an inheritance tax
is to consider it as upon a right to receive rather than upon
the right to dispose of property.   At least this is the view
taken of it in North Carolina.   *Pullen* v. *Commissioners,*
66 N. C. 361; *Re Morris,* 138 N. C. 259; *Rhode Island
Trust Co.* v. *Doughton,* 187 N. C. 263.   One of the most
important privileges granted by the law is that of suc-
ceeding to the property of a deceased person.   A succes-
sion tax is a fee exacted by the State in payment for the
service of supplying law and machinery to pass prop-
erty.   Only the State supplying this law can exact such
payment.

The will bears, on its face, evidence that Mrs. Taylor
intended it to operate under the laws of the State of
Massachusetts because it is attested as required by the
probate laws of Massachusetts in that it has three wit-

nesses instead of the two required by the laws of her domicile.

At common law, powers of appointment have certain well known and well settled attributes and the relations and rights of the parties are equally well known and settled. The appointee takes under the will of the donor and not under the will of the donee of the power. *White* v. *White,* 189 N. C. 236; *United States* v. *Fields,* 255 U. S. 257. The donee has no title to or estate in the appointed property. The power is a deputation of the donee to act for the donor in disposing of the donor's property. *Walker* v. *Mansfield,* 221 Mass. 600; *Shattuck* v. *Burrage,* 229 Mass. 448; *United States* v. *Fields, supra; O'Grady* v. *Wilmot* (1916) 2 A. C. 231. The law of the State of the residence of the donor of the power over personal property controls all questions as to the execution of the power and succession to the property. *Walker* v. *Mansfield, supra; Re Bowditch,* 189 Cal. 377; *Re Canda,* 189 N. Y. Supp. 917; Woerner, Law of Admr., vol. 2, p. 766. The interpretation of " will " in the instrument creating the power is for the courts of the State of the domicile of the donor. *Blount* v. *Walker,* 28 S. C. 545; *In re New York Ins. Co.,* 209 N. Y. 385. The *res* upon which the decree of the probate court of North Carolina operates is only the status of the " will " for the purpose of distributing the individual estate of Mrs. Taylor. *Blount* v. *Walker,* 134 U. S. 607; *Re Harriman,* 208 N. Y. Supp. 672.

Suppose North Carolina had, by statute, withdrawn the privilege of passing property by will, or had surrounded the right by unusual or fantastic requirements. Yet it remains that the will of Mrs. Taylor would be recognized by the law of Massachusetts and there given effect as an exercise of the power. *Higgins* v. *Eaton,* 202 Fed. 75; *Seawell* v. *Wilmer,* 132 Mass. 131; *Murphy* v. *Deichler,* (1909), A. C. 446. If the appointee can secure

his rights under the power without reference to and independently of a privilege granted by the taxing State, then there is no jurisdiction to tax.

Massachusetts, California, and New York have a statutory provision similar to that of North Carolina, as contained in the amendment of 1921. The courts of each of these States hold such an act invalid when applied to facts such as those of the instant case. *Walker* v. *Mansfield, supra; Re Bowditch, supra; Re Canda, supra.*

The law of North Carolina is not needed either practically or legally to establish the inheritance. A transfer by a gift *causa mortis*, is governed by the law of the *situs*, so there is no ground for taxing the transfer at the domicile of the decedent. The same is true in the case of appointment by will under a power which derives no force from the inheritance law of the domicile of the person exercising the power.

*Mr. Dennis G. Brummitt,* Attorney General of North Carolina, with whom *Mr. Frank Nash,* Assistant Attorney General, was on the brief, for defendant in error.

The power of appointment given by the will was a general power as distinguished from a special power. *Smith* v. *Gary,* 22 N. C. 42; *Rogers* v. *Hinton,* 62 N. C. 101; *Hicks* v. *Ward,* 107 N. C. 392; *Thompson* v. *Garwood,* 3 Wharton (Pa.) 287; *Dana* v. *Murray,* 122 N. Y. 604. The donee of a general power of appointment is in equity considered the owner of the property appointed as to all debts of the donee. *Smith* v. *Gary, supra; Rogers* v. *Hinton, supra; Thompson* v. *Garwood, supra; Brandies* v. *Cochrane,* 112 U. S. 344; *Manson* v. *Duncannon,* 166 U. S. 533; *United States* v. *Field,* 255 U. S. 257; *Bullen* v. *Wisconsin,* 240 U. S. 265.

Mrs. Taylor exercised the power in North Carolina after the Act of 1921 had become effective, consequently, her will executed and probated in North Carolina while she was a resident of the State, devising and bequeathing

property to only two persons, her husband and child, both of them being also residents of the State, must be taken to have been executed in the light of the provisions of the Act of 1921. *In re Morris's Estate,* 138 N. C. 259; *Stebbins* v. *Riley,* 268 U. S. 137. That Act taxes, not the property devolving under the exercise of the power of appointment, but the exercise of that power itself.

If, however, the Court should determine that the expression used, that the administrator should pay all the charges of administration, does not include inheritance taxes, then and independently of this holding, the action of the defendant in error in assessing inheritance taxes upon the succession of the property, was authorized by the statute. If the power is to appoint by will, it is necessary that the will should be executed and properly probated in order that the estate should vest in the appointee. There is nothing which would prevent the State from taxing the exercise of this privilege, as is done in the instant case. *In re Dows,* 167 N. Y. 227; *Orr* v. *Gilman,* 183 U. S. 278; *In re Delano,* 176 N. Y. 486; *Chanler* v. *Kelsey,* 205 U. S. 466.

The statute thus interpreted in no way offends against the Fourteenth Amendment to the Federal Constitution. *Orr* v. *Gilman, supra; Chanler* v. *Kelsey, supra; Bullen* v. *Wisconsin, supra; Frick* v. *Pennsylvania,* 268 U. S. 473; *Rhode Island Trust Co.* v. *Doughton,* 270 U. S. 69.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Stanford L. Haynes, of Springfield, Massachusetts, died May 21, 1920, leaving a will which was duly probated at that place. The fifth clause gave to the Springfield Safe Deposit & Trust Company, Massachusetts corporation, the residue of the estate in trust, one-half to be set aside and the net income paid to his daughter, Theodosia, so long as she should live, and at her death to be transferred

to "such person or persons and in such proportions as said Theodosia shall by will appoint, or in the event that said Theodosia shall fail to exercise the power of appointment hereby conferred upon her and shall leave issue surviving her, such payment and transfer shall be made to such issue by right of representation." The corporation accepted the trust and received a large fund.

After her father's death Theodosia intermarried with Taylor and resided at Morgantown, North Carolina. She died there June 23, 1921, leaving an infant child. By will dated March 18, 1921, executed in North Carolina and adequate under the laws of that State and of Massachusetts, she directed that the property described by the fifth clause of her father's will should be divided between her husband and child. She also disposed of some land and personal property in North Carolina. The will was duly probated in the latter State and plaintiff in error became administrator of the estate. The fund held by the Trust Company and subject to appointment was made up of stocks and bonds valued at $395,279.93.

Section 6, c. 34, Public Laws N. C. 1921, ratified March 8, 1921, directs that all real and personal property passing by will or the intestate laws of the State shall be subject to a tax, and—"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this Act, such appointment when made shall be deemed a transfer taxable under the provisions of this Act, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will, and the rate shall be determined by the relationship between the beneficiary under the power and the donor; and whenever any person or corporation possessing such power of appointment so derived shall omit or fail to exercise the same within the time

provided therefor, in whole or in part, a transfer taxable under the provisions of this Act shall be deemed to take place to the extent of such omission or failure in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

Acting under this statute, the proper officer demanded payment of a tax computed upon the value of the property which passed under the appointment by Mrs. Taylor. The Supreme Court—N. C.—approved the demand and specifically held that enforcement would not offend the Fourteenth Amendment by depriving the interested parties of property without due process of law. It declared that the statute taxed the exercise of the power of appointment made by permission and under direct protection of local laws. 189 N. C. 50.

In *Orr* v. *Gilman*, 183 U. S. 278, and *Chanler* v. *Kelsey*, 205 U. S. 466, this Court held that by an Act passed subsequent to the instrument which created a power of appointment New York might tax its execution without violating the Fourteenth Amendment. But in each of these causes the first testator, or creator of the trust, and the trustees thereunder were residents of New York and the fund was there held. Here the original testator resided in Massachusetts, his will was probated there, and the trustee holds the funds there for disposition under the local laws. The power of appointment was exercised by a resident of North Carolina by a will there executed and that State has attempted to impose the tax. These circumstances differentiate the causes.

In *Chanler* v. *Kelsey*, the statute, c. 284 N. Y. Laws 1897, provided—"Whenever any person or corporation shall exercise the power of appointment derived from any

disposition of property made either before or after the passage of this Act, such appointment when made shall be deemed a transfer taxable under the provisions of this Act, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will; and whenever any person or corporation possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer taxable under the provisions of this Act shall be deemed to take place to the extent of such omissions or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

Mrs. Delano, acting under the power granted by her father, appointed by her will those who should take the full beneficial interest in property held by trustees in New York and actually located there. The New York court held that the tax was upon the exercise of the power by will as an effective transfer within the purposes of the Act, and this Court said: "The Court of Appeals of New York had the exclusive right to construe instruments of title in that State and determine for itself the creation and vesting of estates through wills under the laws of the State." " That power was exercised under the will of Laura Delano, a right which was conferred upon her under the laws of the State of New York and for the exercise of which the statute was competent to impose the tax in the exercise of the sovereign power of the legislature over the right to make a disposition of property by will."

Except perhaps where the instrument which created the power provides that the appointment must be by will

executed according to the law of the donee's domicile, to be proved and allowed there, the following propositions. are established in Massachusetts: "Personal property over which one has the power of appointment is not the property of the donee, but of the donor of the power." The appointee takes, not as the legatee of him who appoints, but of the original donor. · "Property in the hands of domestic trustees appointed under the will of a domestic testator, who conferred a power of appointment upon a non-resident, must be distributed according to the law of this Commonwealth and . . . the execution of the power must be interpreted according to our law and in conformity to the power conferred." *Walker* v. *Treasurer & Receiver General,* 221 Mass. 600, 602, 603, and cases there cited; *Shattuck* v. *Burrage,* 229 Mass. 448. These principles are commonly accepted. *Blount* v. *Walker,* 134 U. S. 607; *United States* v. *Field,* 255 U. S. 257, 264; *Murphy* v. *Deichler,* House of Lords L. R. (1909), A. C. 446; *In re Harriman's Estate,* 208 N. Y. S. 672; *Matter of New York Life Insurance & Trust Co.,* 209 N. Y. 585; *Bingham's Appeal,* 64 Pa. St. 345; *Rhode Island Trust Co.* v. *Dunnell,* 34 R. I. 394; *Prince de Bearn* v. *Winans,* 111 Md. 434; *State ex rel. Bankers' Trust Co.* v. *Walker,* 70 Mont. 484; *Estate of Bowditch,* 189 Cal. 377.

We think the assets of the trust estate established by the will of Haynes had no *situs,* actual or constructive, in North Carolina. The exercise of the power of appointment was subject to the laws of Massachusetts and nothing relative thereto was done by permission of the State where Mrs. Taylor happened to have her domicile. No right exercised by the donee was conferred on her by North Carolina. A State may not subject to taxation things wholly beyond her jurisdiction or control. *Frick* v. *Pennsylvania,* 268 U. S. 473.

The judgment below must be

*Reversed.*

MR. JUSTICE HOLMES.

In *Bullen* v. *Wisconsin*, 240 U. S. 625, where a fund was given in trust for the donor's widow and children, reserving to the donor a general power of revocation and the disposition of the income during his life, it was held that upon his death an inheritance tax could be levied in Wisconsin, the place of his domicile, although the trustee and trust fund were outside of the jurisdiction. The general power was considered to have the same effect as ownership. In this case the power was not so broad, because it was to be executed only by will; but the command over the fund was substantially the same. Mrs. Taylor, the donee, had the life interest and the power to dispose of the remainder by a will which she could bind herself to make. I dare say that it may be desirable to limit the *universitas* as was done in *Frick* v. *Pennsylvania*, 268 U. S. 473, but I cannot help doubting whether the present decision can be reconciled with *Bullen's* case.

MR. JUSTICE BRANDEIS and MR. JUSTICE STONE concur in this view.