SAMUEL MacCLURKAN, ADMINISTRATOR, ETC., PROSECUTOR, v. NEWTON A. K. BUGBEE, COMPTROLLER, ETC., DEFENDANT.

Submitted October 13, 1928—Decided December 6, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Haines & Chanalis* and *Addison S. Pratt.*

For the defendant, *Edward L. Katzenbach,* attorney-general of New Jersey, and *Richard C. Plumer,* assistant attorney-general.

The opinion of the court was delivered by

BLACK, J.   The *certiorari* in this case was allowed to review a transfer inheritance tax of $5,590.52 assessed by the comptroller of the treasury, against the estate of Mary Logan MacClurkan, deecased, late of East Orange, Essex county, New Jersey.   The controversy arises by reason of the inclusion, as a part of the taxable estate by the comptroller, of certain trust property alleged by him to have been transferred to take effect in beneficial possession or enjoyment at or after the death of the donor.   The whole problem for solution resolves itself into the one question, as to whether the transfer of property by a trust deed dated August 26th, 1921, was a taxable transfer.   The essential facts out of which the controversy arises are these, as revealed by an agreed state of facts:

Mary Logan MacClurkan died intestate on the 4th of March, 1924, a resident of East Orange, New Jersey. On the 26th day of August, 1921, and prior to her marriage with Samuel MacClurkan, then known as Mary Logan, and at that time a resident of the State of Illinois executed and delivered to Frank C. Rathje, also a resident of the State of Illinois, a certain indenture of trust, and at the same time delivered to him Frank C. Rathje, as trustee, securities consisting entirely of United States bonds, stocks and bonds of corporations organized under the laws of states other than the State of New Jersey; stock in a national bank organized under the acts of congress; notes of individuals not residents of New Jersey, and secured by mortgages upon property not in New Jersey. The securities so delivered to Frank C. Rathje, as trustee, were delivered to him in the State of Illinois and have ever since their delivery remained in that state. Frank C. Rathje, as trustee, paid to the decedent, Mary Logan MacClurkan, during her lifetime, in accordance with the terms of the trust indenture, the entire income from such trust property, and after her death he paid the income therefrom to her nephew, Theron Logan Rathje, who was on the 26th day of August, 1921, and ever since has been a resident of the State of Illinois. The decedent reserved the right of revoking the indenture of trust and each and every trust thereby created. On September 8th, 1927, the comptroller of New Jersey assessed a transfer inheritance tax of $5,590.52 against the life estate upon the interest of the said Theron Logan Rathje, life beneficiary under the trust agreement, as a gift to take effect at or after death under the statute. This is the only item of the assessment under review by the *certiorari*. On November 18th, 1927, he also assessed a transfer inheritance tax of $295.98, as a compounded tax, upon the remainder estate, after the said life estate, in the said trust fund, but this item of the tax is not under review.

The prosecutor resists the payment of the tax on the ground that the State of New Jersey never had jurisdiction of the property, which has been made subject to a succession tax in this case, because it is argued the property never had

a *situs* in New Jersey, either actually or constructively. Hence, the tax is illegal, in that its imposition violates the first clause of article one (1) and paragraph sixteen (16) of the constitution of New Jersey, *i. e.,* taking private property for public use without just compensation, and it also violates the fourteenth amendment to the constitution of the United States. The due process clause. Citing with other cases *Wachovia Bank, &c., Co.* v. *Doughton,* 272 *U. S.* 567; *Walker* v. *Treasurer, &c., General,* 221 *Mass.* 600.

But as the attorney-general, in the brief, points out, in each of these cases there is involved the right of the state to tax the exercise of a power of appointment in the estate of the *donee,* who died a resident, but wherein the donor was a non-resident and all the trust property was beyond the state. It is a settled rule of law that appointed property passes not as a part of the estate of the donee but of the donor. The appointee takes not under the will of the donee but under the will of the donor of that power. *Hoyt* v. *Hancock,* 65 *N. J. Eq.* 688; *United States* v. *Field,* 255 *U. S.* 257.

So that it is apparent in this class of cases that if the state lacks jurisdiction of the trust property, there is no ground upon which to rest the tax. This line of cases is, therefore, not analogous to the instant case, since here the decedent was the owner of the property placed in trust and by the terms of that trust was receiving the beneficial possession or enjoyment thereof until death, a condition which clearly brings the transfer within the statutes of New Jersey. The decedent, Mary Logan MacClurkan, at the time of her death, was a resident of New Jersey and therefore clearly subject to the state's jurisdiction.

The legal basis for the assessment of a tax of $5,590.25 rests upon these legal principles.

First. The law in effect when the donor dies and not the law at the date of the trust deed controls. *Carter* v. *Bugbee,* 91 *N. J. L.* 438; *affirmed,* 92 *Id.* 390.

Mary Logan MacClurkan died May 4th, 1924, so that the statute (*Pamph. L.* 1909, *p.* 325, as amended by *Pamph. L.* 1922, *p.* 293, *ch.* 174) controls. Section one (1), subsection

three (3) of the act, as amended by the act (*Pamph. L.* 1922, *p.* 293) provides: "1. A tax shall be and is hereby imposed upon 'the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations, except as hereinafter provided, in the following cases.'" * * *

"Third. When the transfer is of property made by a resident, * * * by deed, grant, bargain, sale or gift * * * intended to take effect in possession or enjoyment at or after such death." * * * Under this statute transfers intended to take effect in possession or enjoyment after death are taxable by the terms of the statute. A transfer of property is "intended to take effect in possession or enjoyment at or after death" when the donor reserves to herself the income therefrom during her life. *Carter* v. *Bugbee,* 91 *N. J. L.* 438; *affirmed,* 92 *Id.* 390; *American Board of Commissioners* v. *Bugbee,* 98 *Id.* 84; *affirmed,* 101 *Id.* 214.

The trustee in this case was to pay over all the net income accruing from the trust property to the donor during her life.

The *corpus* of the trust consisted exclusively of federal and corporate bonds and shares of stock. This type of property is intangible and therefore taxable by the state of the domicile of the deceased. *In re Hartman's Estate,* 70 *N. J. Eq.* 664; *Fidman* v. *Martinez,* 184 *U. S.* 578; *Blodgett* v. *Silbermann,* 48 *Sup. Ct. Rep.* 410; 7 *L. Ed.* 470.

It has been repeatedly held that the states have the power to tax the residents thereof, for personal property owned by them, but located elsewhere. For a collection of cases see *Taxation in New Jersey* (3d ed.), §§ 193, 194; 26 *R. C. L.* 273, § 241; 37 *Cyc.* 947, 952; *Bristol* v. *Washington County,* 177 *U. S.* 133.

Second. The domicile of the decedent, and not that of the trustee or *cestui que trust, i. e.,* the beneficiary, determines the right to tax. If the testator is a resident, it is not important where the beneficiaries may reside. *Gleason & Otis Inh. Tax.* (4th ed.) 460; *In re Green,* 153 *N. Y.* 223.

So, the residence of the donor, at the date of the death and

not at the time of the transfer, controls the liability for a transfer tax. *Carter* v. *Bugbee,* 91 *N. J. L.* 438; *affirmed,* 92 *Id.* 390; *American Board of Commissioners* v. *Bugbee,* 98 *Id.* 84; *affirmed,* 101 *Id.* 214.

The tax brought under review by the *certiorari* is affirmed, and the writ of *certiorari* dismissed.