[No. 25974. *En Banc.* November 4, 1936.]

*In the Matter of the Estate of* HELEN C. SIMONDS, *Deceased.*

THE STATE OF WASHINGTON, *By William H. Pemberton, Supervisor of State Inheritance Tax and Escheat Division, Appellant,* v. BARBARA WRIGHT DOBSON *et al., Respondents.*[1]

[1]Reported in 61 P. (2d) 1302.

212

*William H. Pemberton* and *Lyle K. Summers,* for appellant.

*Henderson, Carnahan & Thompson,* for respondents.

TOLMAN, J.—On March 11, 1929, Elizabeth L. Crosby, then a resident of this state, executed and acknowledged in Pierce county, Washington, and presumably then delivered, a certain trust agreement from which we quote those provisions which bear upon the present issue.

"THIS AGREEMENT made in duplicate this 11th day of March in the year nineteen hundred twenty-nine, by and between ELIZABETH L. CROSBY, of Tacoma, in Pierce county and state of Washington, (hereinafter called the 'Donor'), and LEE, HIGGINSON TRUST COMPANY, A CORPORATION duly organized and existing under the laws of the Commonwealth of Massachusetts and having its principal place of business in Boston, Massachusetts (hereinafter called the 'Trustee').

WITNESSETH:

"That the Donor hereby gives, assigns, transfers and sets over to the Trustee her undivided share of the residue of the Estate of Howard A. Lothrop, deceased, late of said Boston (excepting only her undivided interest in the real estate situated in said Boston and being numbered 101 Beacon Street, in said Boston, as that street is now numbered), to hold the same and any property, real or personal, which may at any time be added to it by the Donor or otherwise (including the proceeds of any policy of insurance which may be

made payable to the Trustee), upon the following trusts.

"And the Trustee hereby accepts the assignment of the said undivided share of said estate and covenants and agrees to hold the same, and all property which it may at any time receive under the provisions of this agreement, upon the said trusts.

### ARTICLE I.

"The Trustee shall divide and set off the trust fund into shares, one share for each of the Donor's children, HELEN C. DOBSON, of said Tacoma, LOTHROP CROSBY, of said Tacoma and WILLIAM CROSBY of Olinda, Maui, Territory of Hawaii, and shall pay over the principal and the income of said shares as follows:

"The net income of one such share shall be paid to each of the Donor's said children during his or her lifetime, and upon the death of any of them the principal of the share of which the child so dying was entitled to receive income at his or her death shall be transferred, conveyed and paid over by the Trustee, free of trust, in the manner and in such proportions as such child shall by his or her last will direct and appoint, and in default of such appointment to his or her issue living at his or her death, by right of representation, and in default of such issue, in equal shares to the survivors or survivor of the said Helen C. Dobson, Lothrop Crosby and William Crosby, the issue of any of them then deceased to take the share its parent would have taken if living, by right of representation, and in the event that none of them and no issue of any of them shall then be living, to those persons, who, under the laws of the Commonwealth of Massachusetts, would be the next of kin of the Donor if she had owned such share and died intestate, a resident of Massachusetts, immediately after the death of such child. . . .

### ARTICLE XI.

"This trust is created under, and is to be governed by and construed and administered according to the laws of the Commonwealth of Massachusetts."

Helen C. Simonds, formerly Helen C. Dobson, the beneficiary first named in the trust agreement, died in

Tacoma, Pierce county, Washington, on July 14, 1934, leaving a last will and testament in and by which she exercised the power of appointment described in and created by the trust agreement so as to pass to her daughter (also a resident of this state), the life income and the power of appointment which she herself had enjoyed under the trust agreement. This will was admitted to probate.

The property which passed to the daughter by virtue of the appointment by Mrs. Simonds, was appraised at $43,690.63. A controversy arose between the executors of the estate and the inheritance tax department as to whether an inheritance tax should be imposed thereon. The matter was submitted to the trial court, resulting in an order to the effect that no inheritance tax was due the state of Washington by reason of the exercise of the power of appointment by the deceased. From that order, the supervisor of the inheritance tax and escheat division has appealed to this court.

Rem. Rev. Stat., § 11201-c [P. C. § 7051-3], reads:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of the inheritance tax laws of the State of Washington in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will, except that where the donor was a resident and the donee, at the time the appointment takes effect, is a non-resident, the property to which the appointment relates shall be taxable as having been transferred in the estate of the donor."

This statute is clear, plain and unambiguous, and if the state has the power to levy a tax measured by the

personal property of an intangible nature belonging to its citizens, but which is physically outside of its borders, then the right here to tax would seem to follow, because the property in question passed by reason of the will made and probated in this state, and not otherwise; *Orr v. Gilman,* 183 U. S. 278, 22 S. Ct. 213, 46 L. Ed. 196; and also because the law of domicile governs the distribution and taxation of the assets of a decedent. *In re Lyons' Estate,* 175 Wash. 115, 26 P. (2d) 615, and *Farmers Loan & Trust Co. v. Minnesota,* 280 U. S. 204, 50 S. Ct. 98, 65 A. L. R. 1000, from which we quoted in the *Lyons* case. Also, *Baldwin v. Missouri,* 281 U. S. 586, 50 S. Ct. 436, 72 A. L. R. 1303, and *First Nat. Bank of Boston v. Maine,* 284 U. S. 312, 77 A. L. R. 1401.

The property passed not by the original trust agreement, but by the execution of the power of appointment under the clear terms of our statutes, and such statutes have been upheld by the United States supreme court. *Chanler v. Kelsey,* 205 U. S. 466, 27 S. Ct. 550, 51 L. Ed. 882.

But it is contended the subject matter of the trust is property located in Massachusetts. The possession and title are both in a trustee, a Massachusetts corporation, and by the terms of the agreement the trust is to be governed and administered only by the laws of Massachusetts; and therefore the state of Washington is attempting to tax things wholly beyond her jurisdiction and control, which she may not do.

To support this contention, the respondents rely upon the case of *Wachovia Bank & Trust Co. v. Doughton,* 272 U. S. 567, 47 S. Ct. 202, 71 L. Ed. 413. The facts upon which that case rests are disclosed in the opinion of the court. It there appears that the original donor was a resident of Massachusetts, that

he by his will left property in Massachusetts to a trustee domiciled in Massachusetts in trust to pay the income to the donor's daughter for life, and at her death to dispose of the remainder as the daughter might, by her will, appoint. The daughter removed to the state of North Carolina and there died, leaving a will appointing her husband and child to succeed to her interest in the trust estate. The North Carolina statute is similar to our own. The court states that the established law of Massachusetts is:

" 'Personal property over which one has the power of appointment is not the property of the donee, but of the donor of the power.' The appointee takes, not as the legatee of him who appoints, but of the original donor. 'Property in the hands of domestic trustees appointed under the will of a domestic testator, who conferred a power of appointment upon a nonresident, must be distributed according to the law of this Commonwealth and . . . the execution of the power must be interpreted according to our law and in conformity to the power conferred.' *Walker v. Treasurer & Receiver General*, 221 Mass. 600, 602, 603 [109 N. E. 647], and cases there cited; *Shattuck v. Burrage*, 229 Mass. 448 [118 N. E. 889]."

This rule of law is, of course, diametrically opposed to our statute law already quoted, and, since the Federal courts were bound by the Massachusetts law in that respect, the supreme court could only hold that, as the appointees took under the will of the original donor, which was probated in Massachusetts, and received property which at all times had been in Massachusetts, the state of North Carolina, where the appointment was made, had no power to tax.

As we have already said, under our statute, which exactly reverses the Massachusetts rule, the property passed by the appointment which the decedent made by means of her will; that appointment was made effective by the probate of the decedent's will in the

courts of this state, and therefore only by and through the operation of the Washington law have the beneficiaries succeeded to the property. Hence, the *Wachovia Bank* case does not support the respondents' position.

■ Finally, it is argued that, as the trust agreement specifically provides that it shall be "governed," "construed and administered" according to Massachusetts law, the Massachusetts rule ,and not our statute must be applied.

Many cases are cited to the effect that the parties to a contract may provide that the laws of a particular state shall govern. That is familiar law, but a contract binds only the parties to the contract and their privies. No case has been cited, and we know of none, which holds that private parties by a private contract can defeat the sovereign right of the state to tax.

Reversed, with directions to proceed in accordance with the views herein expressed.

ALL CONCUR.