BROOKE *v.* CITY OF NORFOLK ET AL.

No. 229.    Argued April 10, 11, 1928.—Decided April 23, 1928.

*Mr. Robert B. Tunstall,* with whom *Mr. Nathaniel T. Green* was on the brief, for petitioner.

*Mr. E. Warren Wall* for respondents.

In the case of personal property, it has been repeatedly held that a general gift or bequest of the income is in contemplation of law equivalent to a gift of the property itself; that the principal of the fund passes by a gift of the income therefrom.

By a long line of Virginia decisions, it has been held by the state court of last resort that it is the policy of this Commonwealth to tax the interest of all residents in all intangible property owned by them, regardless of the fact that the income from the property may be collected for and paid over to the owner by a trustee, no matter whether the trustee be a resident or a nonresident of this State.

Virginia does not impose any tax upon the foreign trustee or the funds in his hands as such; the tax assessed

is simply a personal charge against a resident of the State, the basis for this charge being the interest of that resident in the intangible personality held in trust for him. If the Commonwealth of Virginia is forbidden by the Federal Constitution to tax its own citizens and residents on account of their interest in intangible personal property, then upon whom may it impose taxes on account of such ownership?

MR. JUSTICE HOLMES delivered the opinion of the court.

The petitioner applied in the local form of proceeding for the correction of two assessments for taxation alleged to be erroneous and contrary to the Fourteenth Amendment. The Court of first instance, The Corporation Court of the City of Norfolk, upheld both assessments as valid, and the Supreme Court of Appeals of Virginia rejected a petition for a writ of error on the ground that the judgment below was plainly right. A writ of certiorari was granted by this Court. 274 U. S. 734.

The assessments complained of were for City and State taxes upon the corpus of a trust fund created by the will of a citizen of Maryland resident in Baltimore at the time of her death. This will bequeathed to the Safe Deposit and Trust Company of Baltimore eighty thousand dollars in trust to pay the income to the petitioner for life, then to her daughters for their lives, and, upon the death of the last survivor, to divide the principal between the descendants then living of the daughters *per stirpes*. The will was proved in Maryland and in 1914 was admitted to probate in the Corporation Court of Norfolk as a foreign will. The property held in trust has remained in Maryland and no part of it is or ever has been in Virginia.

The petitioner has paid without question a tax upon the income received by her. But the doctrine contended for now is that the petitioner is chargeable as if she owned the whole. No doubt in the case of tangible prop-

erty lying within the State and subject to a paramount lien for taxes, the occupant actually using it may be made personally liable. *Illinois Central R. R. Co.* v. *Kentucky,* 218 U. S. 551, 562. *Carstairs* v. *Cochran,* 193 U. S. 10, 16. But here the property is not within the State, does not belong to the petitioner and is not within her possession or control. The assessment is a bare proposition to make the petitioner pay upon an interest to which she is a stranger. This cannot be done. See *Wachovia Bank & Trust Co.* v. *Doughton,* 272 U. S. 567, 575.

*Judgment reversed.*