## Commonwealth v. Stewart

*H. E. Troutman,* for appellant.

*W. E. Greenwood,* for Commonwealth.

WINDLE, P. J., July 31, 1939.—The question raised by this appeal is whether appellant's right to receive the net income for her life from two New York trusts is taxable by this State as an equitable interest in certain of the securities comprising the corpus of the trusts, under the terms of the State Personal Property Tax Act of June 22, 1935, P. L. 414, as amended by the Act of July 17, 1936, P. L. 51. Section 3 of the act provides for a personal property tax on "the equitable interest in any such personal

property of the classes hereinafter enumerated [no question is raised in this regard], owned, held or possessed by any resident, where the legal title to such personal property is vested in a trustee, agent, or attorney-in-fact domiciled in another state, and where such resident is entitled to receive all or any part of the income therefrom . . .".

Appellant, a resident of this county, is the beneficiary for life of two trusts created by her mother, a resident of New York, by irrevocable deeds of trust, in 1917 and 1926. The trustees are the Guaranty Trust Company of New York, a New York corporation, and two brothers of appellant, both residents of New York. The bonds and certificates of stock representing the corpus of the trust estate are, and have always been, kept in New York. The trustees have full power and authority over the investment of the assets of the trust estate during the life of the trust. On the termination of appellant's life the corpus is disposed of by the trust deeds in the manner therein provided to appellant's children or their issue or to other children of grantor or their issue. No power whatever is given appellant in that respect.

Appellant bases her appeal on the grounds that her right to receive income from the two trusts involved is not an equitable interest in any of the personal property of the classes enumerated in the statute in those trusts within the meaning of the State Personal Property Tax Act, supra; and that, if it is, the acts offend against the "due process" clauses of the Constitutions of the United States and of the Commonwealth of Pennsylvania, and against the tax uniformity clause of the latter-mentioned instrument. The appeal must be sustained on the ground first mentioned.

The tax here in question is a tax on property—not an income tax. Unless, therefore, appellant has a property right in the securities upon which this tax is sought to be imposed, she may not be required to pay it. We are of opinion she has no such property therein. Her right under

the terms of her mother's deeds is merely to receive from the trustees the income from the securities in question, when, if, and as said income is earned and received by them and after it has been reduced by the payment of expenses and commissions. She has no control over the investments and the management of the trust or over the disposition of the trust assets during her lifetime or after her death. She can never reduce them to her possession or the possession of her nominees or appointees. Her right is the bare one of receiving net income. Under those circumstances we can find no right of property in any of the trust securities to be in appellant.

The right of property connotes ownership. What muniments of ownership has appellant in the securities here taxed? She may not control them in any way, gain possession of them ever, or dispose of them or their proceeds or substituted investments by sale or gift while alive or by will after her death. True, she must receive the income from them during her life, but is that the only controlling factor here? We think not. We believe that more than that latter fact must exist to establish a right of property in trust assets and that no interest, equitable or otherwise, that is the subject of taxation under the acts in question, is by it alone created. Appellant's interest as a property right that can be the subject of a tax extends no further than to income. She is the owner of that and when it is in the hands of her trustees before being paid to her they are holding it as trustees for her. They have legal title thereto as such trustees, but she has an equitable interest therein that amounts to a right of property in it, but not in that which produced the income. She can, in a court of equity, compel the trustees to pay the income in their hands to her, thus reducing it to her possession, just as the vendee of real estate under an agreement of sale, vested with equitable title in the realty by virtue thereof, can compel conveyance to him, or his nominee, of the legal title held in trust for him by the vendor. This, however, she cannot do as to the corpus of

the trusts or any part thereof. Since the effort here is to tax her property right not in income but in the principal of the trusts, it cannot prevail.

We have read the cases cited by counsel in their briefs filed. We find no cases in this State that are in point. In Spangler v. York County, 13 Pa. 322, 328, the court intimates by certain language used that a life beneficiary of a fund who has no power of disposition thereof has no "distinct estate or property in the fund itself". In New York, by statute, it is provided that "the persons for whose benefit a trust is created shall take no estate or interest in the lands but may enforce the performance of the trust in equity", and on the strength of that situation was Archer-Shee v. Garland, L. R. [1931] A. C. 212, decided in England. That language is broad enough to cover trusts not so limited as to disposition and control of the corpus as those before us. We believe it states a sound rule of law at least as regards them. Uncontrolled as we are by the doctrine of stare decisis, we are adopting and applying it to the present situation in the belief that on principle and logic it is basically correct. We find nothing to the contrary in the law of this State.

The A. L. I. Restatement of Trusts, sec. 2, com. (*f*), is of little help in this connection. There it says that the beneficiary of a trust has an equitable interest in the subject matter of the trust and goes on to define an equitable interest as "that kind of interest which has its origin in the principles, standards and rules developed by courts of chancery". Whether it is a property right it does not pretend to say.

In the case of Brooke v. City of Norfolk et al., 277 U. S. 27, decided in 1928, the court, where the beneficiary, a resident in Virginia, of a trust created and maintained in Maryland, was assessed with a tax on the whole corpus of the trust, says:

"But here the property is not within the State, *does not belong to the petitioner* [beneficiary] and is not within her possession or control. The assessment is a bare

proposition to make the petitioner pay upon *an interest to which she is a stranger.* This cannot be done." (Italics supplied.)

Apparently, then, the Supreme Court of the United States believes that one in the situation of this applicant has no taxable interest in the assets of the trusts.

On the whole, we are of opinion that on principle and logic, as well as authority in other jurisdictions, the sound view of the law here involved is that appellant's rights under her mother's deeds of trust do not constitute a property right or interest in the securities of the trust fund that can be the subject of taxation under the terms of the act of assembly above mentioned and here relied on by the Commonwealth. The assessment made and now appealed from therefore cannot be sustained.

Had a contrary conclusion been reached, however, and it had been held that appellant has a property right in securities of the trust, we believe the Commonwealth's contention is answered by the decision in the case of City of Baltimore v. Gibbs, 166 Md. 364, 171 Atl. 37, decided in 1934 in the Court of Appeals of Maryland. There, on facts different from those before us, it was not denied that appellee, a resident of Baltimore, had a property right in the corpus of a trust created by her, held and operated in Pittsburgh, from which she received the income for life. It was held by the court that such interest was not taxable in Maryland under a statute containing provisions not different in principle from the acts under consideration here. A writ of certiorari was denied by the Supreme Court of the United States on October 8, 1934 (293 U. S. 559, 55 S. C. 71). In the opinion of the Maryland court, the cases chiefly relied on by the Commonwealth here are discussed and differentiated. In our belief, the law as expounded in that case, confirmed as it is by the Supreme Court, is controlling in the matter before us and disposes of the constitutional question raised under the so-called "due process" clauses of both the Federal and State Constitutions (Constitution of United

States, amendment XIV, sec. 1; Constitution of Pennsylvania, art. I, sec. 10) in manner unfavorable to the Commonwealth.

In view of the above, the question of the uniformity of the tax under amendment XIV, sec. 1, need not be considered.

Appeal sustained.