BRYANT, Judge.
 

 *212
 
 Where North Carolina did not demonstrate the minimum contacts necessary to satisfy the principles of due process required to tax an out-of-state trust, we affirm the lower court's grant of summary judgment in favor of the trust and uphold the order directing the Department of Revenue to refund taxes and penalties paid by the trust.
 

 On 21 June 2012, representatives of plaintiff The Kimberley Rice Kaestner 1992 Family Trust (the Trust) filed a complaint against the North Carolina Department of Revenue (the Department) after the Department denied a request to refund taxes the Trust paid during tax years 2005 through 2008. The claims brought forth alleged that taxes imposed upon the Trust pursuant to N.C. Gen.Stat. § 105-160.2 were imposed in violation of due process, the Commerce Clause, and
 
 *213
 
 the North Carolina Constitution. Pursuant to section 105-160.2, taxes are "computed on the amount of taxable income of the estate or trust that is for the benefit of a resident of this State[.]"
 

 In 1992, an
 
 inter vivos
 
 trust (original trust) was established by settlor Joseph Lee Rice III, with William B. Matteson as trustee. The situs, or location, of the original trust was New York. The primary beneficiaries of the original trust were the settlor's descendants (none of whom lived in North Carolina at the time of the trust's creation). In 2002, the original trust was divided into three separate trusts: one for each of the settlor's children (Kimberley Rice Kaestner, Daniel Rice, and Lee Rice). At that time in 2002, Kimberley Rice Kaestner, the beneficiary of plaintiff Kimberley Rice Kaestner 1992 Family Trust, was a resident and domiciliary of North Carolina. On 21 December 2005, William
 
 *647
 
 B. Matteson resigned as trustee for the three separate trusts. The settlor then appointed a successor trustee, who resided in Connecticut. Tax returns were filed in North Carolina on behalf of the Kimberley Rice Kaestner 1992 Family Trust for tax years ending in 2005, 2006, 2007, and 2008 for income accumulated by the Trust but not distributed to a North Carolina beneficiary. In 2009, representatives of the Trust filed a claim for a refund of taxes paid to the Department amounting to $1,303,172.00, for tax years 2005, 2006, 2007, and 2008. The claim was denied. Trust representatives commenced a contested case action in the Office of Administrative Hearings (OAH). However, the OAH dismissed the contested case for lack of jurisdiction: the sole issue was the constitutionality of the enabling statute, G.S. § 105-160.2. The current action commenced in Wake County Superior Court and, thereafter, was designated as a mandatory complex business case.
 

 On 11 February 2013, the Honorable John R. Jolly, Jr., Chief Special Superior Court Judge for Complex Business Cases, entered an order ruling on a motion to dismiss filed by the Department.
 
 [1]
 
 Based on the Court's order, the Department asserted Rules 12(b)(1), (2), and (6) as a basis for dismissal of the constitutional claims and the injunctive relief. Judge Jolly found that "[N.C. Gen.Stat. § ] 105-241.19 set out exclusive remedies for disputing the denial of a requested refund and expressly prohibit[ed] actions for injunctive relief to prevent the collection of a tax." Judge Jolly granted the Department's motion to dismiss the Trust's claim for injunctive relief which sought a refund of all taxes paid. However, Judge Jolly denied the Department's motion to dismiss the
 
 *214
 
 Trust's constitutional claims, concluding "there is at least a colorable argument that North Carolina's imposition of a tax on a foreign trust based solely on the presence of a beneficiary in the state does not conform with the Due Process Clause, the Commerce Clause or Section 19 [of Article I of the North Carolina Constitution]."
 

 On 8 July 2014, the Trust moved for summary judgment, alleging there were no genuine issues of material fact: the Trust had paid the State of North Carolina over $1.3 million in taxes for tax years 2005 through 2008; the Trust was established by a non-resident settlor, governed by laws outside of North Carolina, operated by a non-resident trustee, and did not make any distributions to a beneficiary residing in North Carolina during the pertinent period. The Trust requested that the court declare General Statutes, section 105-160.2 unconstitutional and order a refund of all taxes and penalties paid by the Trust.
 

 The Department also filed a motion for summary judgment. In it, the Department acknowledged that all of the Trust assets were intangibles, and that during the pertinent years, the Trust beneficiaries received no distributions from the Trust. However, quoting a case from the State of Connecticut,
 
 Chase Manhattan Bank v. Gavin,
 

 249 Conn. 172
 
 , 204-05,
 
 733 A.2d 782
 
 , 802 (1999), the Department stated:
 

 [J]ust as the state may tax the undistributed income of a trust based on the presence of the trustee in the state because it gives the trustee the protection and benefits of its laws;
 
 it may tax the same income based on the domicile of the sole noncontingent beneficiary because it gives her the same protections and benefits.
 

 (emphasis added).
 

 A summary judgment hearing was held in Wake County Superior Court before the Honorable Gregory P. McGuire, Special Superior Court Judge for Complex Business Cases. In an order entered 23 April 2015, Judge McGuire granted the motion for summary judgment filed on behalf of the Trust and denied the Department's motion. Judge McGuire concluded that N.C. Gen.Stat. § 105-160.2 was unconstitutional as applied and ordered the Department to refund any taxes and penalties paid pursuant to that statute. The Department appeals.
 

 _________________________
 

 On appeal, the Department argues that the Trust cannot meet its burden to prove it is entitled to a refund of state taxes paid on its accumulated income. Specifically, the Department
 
 *648
 
 contends that the
 
 *215
 
 Business Court erred when it concluded that taxation of the Trust based on the residence of the beneficiary violated (A) due process under both the federal and state constitutions, as well as (B) the Commerce Clause of the federal constitution. We disagree.
 

 Standard of Review
 

 When assessing a challenge to the constitutionality of legislation, this Court's duty is to determine whether the General Assembly has complied with the constitution.... In performing our task, we begin with a presumption that the laws duly enacted by the General Assembly are valid.
 
 Baker v. Martin,
 

 330 N.C. 331
 
 , 334,
 
 410 S.E.2d 887
 
 , 889 (1991). North Carolina courts have the authority and responsibility to declare a law unconstitutional, but only when the violation is plain and clear.
 
 State ex rel. Martin v. Preston,
 

 325 N.C. 438
 
 , 449,
 
 385 S.E.2d 473
 
 , 478 (1989). Stated differently, a law will be declared invalid only if its unconstitutionality is demonstrated beyond reasonable doubt.
 
 Baker,
 

 330 N.C. at 334-35
 
 ,
 
 410 S.E.2d at 889
 
 .
 

 Hart v. State,
 

 368 N.C. 122
 
 , 126,
 
 774 S.E.2d 281
 
 , 284 (2015).
 

 Due Process
 

 The Department contends that the trial court erred when it concluded that taxation of the Trust based solely on the residence of the beneficiaries violated due process under both the federal and state constitutions.
 

 "The Fourteenth Amendment to the United States Constitution provides that '[n]o State shall ... deprive any person of life, liberty, or property, without due process of law[.]' U.S. Const. amend. XIV."
 
 Johnston v. State,
 

 224 N.C.App. 282
 
 , 304,
 
 735 S.E.2d 859
 
 , 875 (2012) (alteration in original),
 
 writ allowed, review on additional issues denied,
 

 366 N.C. 562
 
 ,
 
 738 S.E.2d 360
 
 ,
 
 aff'd,
 

 367 N.C. 164
 
 ,
 
 749 S.E.2d 278
 
 (2013). "No person shall be ... in any manner deprived of his life, liberty, or property, but by the law of the land." N.C. Const. art. I, § 19. " 'The term "law of the land" as used in Article I, Section 19, of the Constitution of North Carolina, is synonymous with "due process of law" as used in the Fourteenth Amendment to the Federal Constitution.' "
 
 Rhyne v. K-Mart Corp.,
 

 358 N.C. 160
 
 , 180,
 
 594 S.E.2d 1
 
 , 15 (2004) (quoting
 
 In re Moore,
 

 289 N.C. 95
 
 , 98,
 
 221 S.E.2d 307
 
 , 309 (1976) ). "For purposes of taxation, 'the requirements of ... "due process" are, for all practical purposes, the same under both the State and Federal Constitutions.' "
 
 In re appeal of
 

 *216
 

 Blue Ridge Hous. of Bakersville LLC,
 

 226 N.C.App. 42
 
 , 58,
 
 738 S.E.2d 802
 
 , 813 (2013) (citation omitted) (quoting
 
 Leonard v. Maxwell,
 

 216 N.C. 89
 
 , 93,
 
 3 S.E.2d 316
 
 , 320 (1939) ).
 

 In analyzing federal constitutional questions, we look to decisions of the United States Supreme Court. We also look for guidance to the decisions of the North Carolina Supreme Court construing federal constitutional and State constitutional provisions, and we are bound by those interpretations.
 
 State v. Elliott,
 

 360 N.C. 400
 
 , 421,
 
 628 S.E.2d 735
 
 , 749, (2006) ("The Supreme Court of the United States is the final authority on federal constitutional questions.")[.] We are also bound by prior decisions of this Court construing those provisions, which are not inconsistent with the holdings of the United States Supreme Court and the North Carolina Supreme Court.
 
 In the Matter of Appeal from Civil Penalty,
 

 324 N.C. 373
 
 ,
 
 379 S.E.2d 30
 
 (1989).
 

 Johnston,
 

 224 N.C.App. at 288
 
 ,
 
 735 S.E.2d at 865
 
 .
 

 The Commerce Clause and the Due Process Clause impose distinct but parallel limitations on a State's power to tax out-of-state activities. See
 
 Quill Corp. v. North Dakota,
 

 504 U.S. 298
 
 , 305-306,
 
 112 S.Ct. 1904
 
 ,
 
 119 L.Ed.2d 91
 
 (1992).... The "broad inquiry" subsumed in both constitutional requirements is whether the taxing power exerted by the state bears fiscal relation to protection, opportunities and benefits given by the state-that is, whether the state has given anything for which it can ask return.
 

 MeadWestvaco Corp. ex rel. Mead Corp. v. Ill. Dep't of Revenue,
 

 553 U.S. 16
 
 , 24-25,
 
 128 S.Ct. 1498
 
 , 1505,
 
 170 L.Ed.2d 404
 
 , 412 (2008)
 

 *649
 
 (citations and quotations omitted). "The Due Process Clause requires [ (1) ] some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax, and [ (2) ] that the income attributed to the State for tax purposes must be rationally related to values connected with the taxing State."
 
 Quill Corp. v. N. Dakota,
 

 504 U.S. 298
 
 , 306,
 
 112 S.Ct. 1904
 
 , 1909-10,
 
 119 L.Ed.2d 91
 
 , 102 (1992).
 

 Minimum Contacts
 

 As to the question of whether there exists some minimum connection between a state and the ... property ... it seeks to tax,
 
 see
 
 id.,
 

 "[our
 
 *217
 
 Supreme Court has] framed the relevant inquiry as whether a [party] had minimum contacts with the jurisdiction 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' "
 

 Id.
 

 at 307
 
 ,
 
 112 S.Ct. at 1910
 
 ,
 
 119 L.Ed.2d at 103
 
 (quoting
 
 Int'l Shoe Co. v. Washington,
 

 326 U.S. 310
 
 , 316,
 
 66 S.Ct. 154
 
 , 158,
 
 90 L.Ed. 95
 
 , 102 (1945) ).
 

 Application of the "minimum contacts" rule will vary with the quality and nature of the [party's] activity, but it is essential in each case that there be some act by which the [party] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
 

 Skinner v. Preferred Credit,
 

 361 N.C. 114
 
 , 123,
 
 638 S.E.2d 203
 
 , 210-11 (2006) (citation and some quotation marks omitted).
 

 On this point, we note that Judge McGuire made the following unchallenged findings of fact:
 

 23. [N]othing in the record indicates, and [the Department] does not argue, that [the Trust] maintained any physical presence in North Carolina during the tax years at issue. The undisputed evidence in this matter shows that [the Trust] never held real property located in North Carolina, and never invested directly in any North Carolina based investments.... The record also indicates that no trust records were kept or created in North Carolina, or that the trust could be, in any other manner, said to have a physical presence in the State. Moreover, because the trustee's usual place of business where trust records were kept was outside the State, it is clear from the record that [the Trust's] principal place of administration was not North Carolina.
 

 ...
 

 26. [The Department] concedes that the only "connection between the [Plaintiff] trust and North Carolina in the case at hand is the residence of the beneficiaries."
 

 The Department supports its argument that the residence of the beneficiaries is sufficient to satisfy the minimum contacts criteria of the Due Process Clause by citing to state court opinions from Connecticut and California:
 
 Chase Manhattan Bank v. Gavin,
 

 249 Conn. 172
 
 ,
 
 733 A.2d 782
 
 (1999), and
 
 McCulloch v. Franchise Tax Bd.,
 

 61 Cal.2d 186
 
 ,
 
 37 Cal.Rptr. 636
 
 ,
 
 390 P.2d 412
 
 (1964).
 

 *218
 
 In both
 
 Gavin
 
 and
 
 McCulloch,
 
 the state appellate court noted that the United States Supreme Court had previously upheld the taxation of trust income based on the domicile of the
 
 trustee,
 
 citing
 
 Greenough v. Tax Assessors,
 

 331 U.S. 486
 
 ,
 
 67 S.Ct. 1400
 
 ,
 
 91 L.Ed. 1621
 
 (1947). And the
 
 Gavin
 
 and
 
 McCulloch
 
 courts reasoned that similar to the benefits and protections provided by a state to a trustee, the state of the beneficiary's domicile provided benefits and protections sufficient to satisfy the minimum contacts criteria of due process for taxation of the trust.
 
 See
 

 Gavin,
 

 249 Conn. at 204-05
 
 ,
 
 733 A.2d at 802
 
 ("[J]ust as a state may tax all of the present income of a domiciliary, ... a state may ... tax the income of an inter vivos trust that is accumulated for the ultimate benefit of a noncontingent domiciliary, and that is subject to her ultimate power of disposition.");
 
 McCulloch,
 

 61 Cal.2d at 196
 
 ,
 
 37 Cal.Rptr. at 643
 
 ,
 
 390 P.2d at 419
 
 ("[T]he beneficiary's state of residence may properly tax the
 
 trust
 
 on income which is payable in the future to the beneficiary, although it is actually retained by the trust, since that state renders to the beneficiary that protection incident to his eventual enjoyment of such accumulated income."). On this basis, the Department contends that its taxation of the Trust, predicated solely on the residencyoF
 

 *650
 
 kimberleY kaestner iN nortH carolina did not violate due process.
 

 Representatives of the Trust, on the other hand, assert that the Department's contention that a beneficiary's domicile alone is sufficient to satisfy the minimum contacts requirement of the Due Process Clause and allow the state to tax a non-resident trust conflates what the law recognizes as separate legal entities-the trust and the beneficiary. "[W]e do not forget that the trust is an abstraction, ... [and] the law has seen fit to deal with this abstraction for income tax purposes as a separate existence, making its own return under the hand of the fiduciary and claiming and receiving its own appropriate deductions."
 
 Anderson v. Wilson,
 

 289 U.S. 20
 
 , 27,
 
 53 S.Ct. 417
 
 , 420,
 
 77 L.Ed. 1004
 
 , 1010 (1933). In other words, for income tax purposes the trust has a separate existence.
 

 Id.
 

 In support of their position, the Trust representatives direct our attention to
 
 Greenough,
 

 331 U.S. 486
 
 ,
 
 67 S.Ct. 1400
 
 ,
 
 91 L.Ed. 1621
 
 , a United States Supreme Court opinion.
 
 Greenough
 
 upheld a Rhode Island law authorizing the levy of an
 
 ad valorem
 
 tax upon a resident
 
 trustee
 
 based on a proportionate legal interest of a foreign trust, finding no violation of due process.
 
 Greenough
 
 was a decision from which four justices, including the Chief Justice, dissented. We note with particular interest the dissent of Justice Rutledge, who wrote that "if the beneficiary's residence alone is insufficient to sustain a state's power to tax the corpus of the trust,
 
 cf.
 

 Brooke v. Norfolk,
 
 277 [U.S.] 27, 48 [S.Ct.] 422, 72 [L. Ed.] 767, it would seem that the mere residence of one of a number of trustees
 
 *219
 
 hardly would supply a firmer foundation."
 

 Id.
 

 at 503
 
 ,
 
 67 S.Ct. at 1408
 
 ,
 
 91 L.Ed. at 1633
 
 (footnote omitted). After a careful look at
 
 Brooke,
 

 277 U.S. 27
 
 ,
 
 48 S.Ct. 422
 
 ,
 
 72 L.Ed. 767
 
 (1928), we find it to be not only relevant to the instant case, but also controlling.
 

 In
 
 Brooke,
 
 the petitioner-a Virginia resident and trust beneficiary-appealed to the United States Supreme Court after the City of Norfolk and the State of Virginia assessed taxes upon the corpus of a trust created by a Maryland resident.
 

 Id.
 

 at 28
 
 ,
 
 48 S.Ct. at 422
 
 ,
 
 72 L.Ed. at 767-68
 
 . The petitioner contended that the assessment of the taxes was contrary to the Fourteenth Amendment.
 

 Id.
 

 at 28
 
 ,
 
 48 S.Ct. at 422
 
 ,
 
 72 L.Ed. at 767
 
 . The Maryland resident created a testamentary trust and bequeathed to it $80,000.00, naming petitioner as beneficiary. The trustee, Safe Deposit & Trust Company of Baltimore, was directed to pay income from the trust to the petitioner for life.
 

 Id.
 

 at 28
 
 ,
 
 48 S.Ct. at 422
 
 ,
 
 72 L.Ed. at 768
 
 . The Court noted that "[t]he property held in trust has remained in Maryland and no part of it is or ever has been in Virginia."
 

 Id.
 

 The petitioner has paid without question a tax upon the income received by her. But the doctrine contended for now is that the petitioner is chargeable as if she owned the whole.... But here the property is not within the state, does not belong to the petitioner and is not within her possession or control. The assessment is a bare proposition to make the petitioner pay upon an interest to which she is a stranger. This cannot be done.
 
 See
 

 Wachovia Bank & T. Co. v. Doughton,
 

 272 U.S. 567
 
 , 575,
 
 47 S.Ct. 202
 
 , [203-04],
 
 71 L.Ed. 413
 
 , 419 [ (1926) ].
 

 Id.
 
 at 28-29,
 
 48 S.Ct. at 422
 
 ,
 
 72 L.Ed. at 768
 
 .
 

 The strong similarities between the facts in
 
 Brooke
 
 and the instant case cannot be ignored. While the trust in
 
 Brooke
 
 was a testamentary trust and the Trust here an
 
 inter vivos
 
 trust, both were created and governed by laws outside of the state assessing a tax upon the trust. The trustee for both trusts resided outside of the state seeking to tax the trust. The beneficiary of the trust who resided within the taxing state had no control over the trust during the period for which the tax was assessed. And, the trusts did not own property in the taxing state.
 
 [2]
 
 In the instant case, the Trust's beneficiary did not receive a taxable distribution from the
 
 *651
 
 Trust during the years for which the Department has assessed a tax.
 
 *220
 
 In determining that the authority as set forth by the United States Supreme Court in
 
 Brooke
 
 controls the analysis and outcome of this issue, we must decline the Department's request that we accept as persuasive the authority as set out by the California Supreme Court,
 
 McCulloch,
 

 61 Cal.2d 186
 
 ,
 
 37 Cal.Rptr. 636
 
 ,
 
 390 P.2d 412
 
 , or the Connecticut Supreme Court,
 
 Gavin,
 

 249 Conn. 172
 
 ,
 
 733 A.2d 782
 
 . Thus, because of
 
 Brooke,
 
 we hold that based on the facts of the instant case, the connection between North Carolina and the Trust was insufficient to satisfy the requirements of due process. Therefore, the Department's assessment of an income tax levied pursuant to the authority set out in General Statutes, section 105-160.2 was in violation of the Due Process Clause of the United States Constitution, and the Law of the Land Clause of the North Carolina Constitution. Accordingly, we affirm Judge McGuire's order granting summary judgment for the Trust and directing that the Department refund any and all taxes and penalties paid by the Trust pursuant to section 105-160.2 with interest.
 

 As a consequence, we do not address the Department's contention that the Business Court erred when it concluded taxation of the Trust based on the residence of the beneficiary violated the Commerce Clause of the federal constitution.
 

 AFFIRMED.
 

 Judges STEPHENS and McCULLOUGH concur.
 

 [1]
 

 The Department's motion to dismiss was not made a part of the record on appeal.
 

 [2]
 

 In
 
 Brooke,
 
 it was duly noted that the petitioner paid tax assessments in Virginia on the distributions made to her as a resident of the state; however, she had no duty under the law (or constitution) to pay taxes on the
 
 corpus
 
 of the trust which existed in another state and over which she had no control.
 
 See
 

 277 U.S. at 28-29
 
 ,
 
 48 S.Ct. at 422
 
 ,
 
 72 L.Ed. at 768
 
 .